The Syracuse Chilled Plow Company, Appellant, *v.* George E. Wing et al., Respondents.

In 1844 defendant G. received from the estate of the father of his wife, the defendant C., $1,366, to which she was entitled. This sum G. applied toward the purchase of a farm, taking title in his own name. From time to time thereafter, and before any liability to plaintiff or its predecessor in interest was incurred, the money was spoken of, between G. and his wife, as money belonging to her, and he promised to execute to her a paper to show for it; no such paper was executed until April, 1878, when G. executed to a third person his bond, secured by mortgage upon said farm, for said sum, with accrued interest, with the understanding that said securities should be assigned to C., which was done. The farm was then subject to a mortgage of $1,400, which C. purchased with other moneys received by her in her own right after 1848. In September, 1878, G. conveyed the farm, through a third person, to his wife, subject to a third mortgage thereon of $2,200 in payment of the two mortgages so held by her. In an action by plaintiff, as a judgment creditor, to set aside said conveyance as fraudulent and void as to creditors, *held*, that although the money was received by the husband prior to the passage of the Married Woman's Act of 1848, yet, if received by him, as was found, as his wife's, to be accounted for or secured by him, he waiving his marital rights thereto, she had an equitable right to the fund sufficient to sustain the mortgage given to her, and the mere lapse of time would not invalidate the security.

The court found the farm to have been worth $5,700 at the time of the conveyance; it also found that such conveyance was fairly and honestly made, without intent to cheat or defraud the creditors of C. *Held*, that the question of intent was purely one of fact, and, having been determined in favor of defendants, the only question which could be considered on appeal was whether the conveyance was without consideration, and so void in law against existing creditors; that, throwing out of view entirely the mortgage executed for the benefit of the wife, there was still a consideration sufficient to sustain the conveyance; and that there was no such gross inadequacy of consideration as to be conclusive evidence of fraud.

(Argued May 12, 1881 ; decided May 31, 1881.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 10, 1880, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 20 Hun, 206.)

This action was brought by plaintiffs, as judgment creditors of defendant George E. Wing, to set aside a conveyance of a farm in Dutchess county, from said defendant, through a third person, to his wife, the defendant Caroline Wing.

The court found these facts among others:

"On the 1st day of May, 1844, the defendant Caroline had become entitled to the sum of $1,666 from the estate of her father. She was then a minor, becoming of age on the 14th day of May, 1844. One Thomas Smith was the guardian of the said Caroline, and the said moneys come to his hands as such; on or about May 1, 1844, said George E. Wing received from said guardian $1,366 of the said money and applied the same to the purchase of a farm to which he then took the title in his own name.

From time to time thereafter the said money was spoken of by and between the defendants as money belonging to said Caroline, and George, prior to any liability to the plaintiff or its predecessor in interest, had promised to execute to her a paper to show for said money. No paper was executed until on the 8th day of April, 1878, when said George executed and delivered to one McGeorge a mortgage upon the premises, as collateral security to his bond of the same date, both being conditioned for the payment of the sum of $4,611.-32 with interest on demand, said sum being the amount of said $1,366 with interest from May 1, 1844, said bond and mortgage being executed and delivered under an agreement with said McGeorge that he would, and he immediately did, assign the same to Caroline on account of and as security for the payment of the said sum of $1,366 with interest.

In 1862, and thereafter, said Caroline received other moneys as legacies or gifts, portions of which she loaned to her husband. These loans were repaid and with the moneys she purchased in May, 1866, another mortgage executed in May, 1860, upon the farm for $1,400. In December, 1877, the defendants executed another mortgage on the farm for $2,200. In September, 1878, for the purpose of placing the title to said premises in Caroline, and in payment of the amount due her upon

the two mortgages held by her, George Wing conveyed the said premises, subject to said $2,200 mortgage, to one Benjamin M. Fowler, who thereupon conveyed the same to Caroline.

The court found that the market value of said premises at the time of such conveyance was $5,700; also that the said conveyance to the said Caroline Wing was fairly and honestly made, and without any intent to cheat or defraud the creditors of George E. Wing.

Further facts appear in the opinion.

*C. B. Sedgwick* for appellant. Prior to the act for the better protection of the property of married women, passed in 1848, the rule of the common law prevailed in this State, by virtue of which all the money, personal property and choses in action of the wife, by the act of marriage, became the absolute property of the husband. (*Ryder* v. *Hulse*, 24 N. Y. 372; *Fletcher* v. *Updyke*, 5 N. Y. Sup. Ct. 513.) The giving of the security, therefore, for the payment of this pretended debt was merely voluntary, and there was no good consideration, either legal or equitable, to support it as against the creditors of the mortgagor. (*Babcock* v. *Eckler*, 24 N. Y. 623; *Woodworth* v. *Sweet*, 51 id. 9; *Jaycox* v. *Caldwell et al.*, id. 395; id. 620; 5 N. Y. Sup. Ct. 514, 517, 518; Kent's Com. [7th ed.] 120, *et seq.*; *Hulse* v. *Ryder*, 24 N. Y. 372.) In this case, there having been no attempt to collect, revive or in any way enforce any equity which the wife may have had to the money which she brought to her husband for the period of thirty-three years, it became a stale demand, and one which a court of equity would not, for that reason alone, allow to be enforced. (Matthews on Presumptive Evidence, 468; *Rayner* v. *Pearsall*, 3 Johns. Ch. 578; *Atwater* v. *Fowler*, 1 Edw. 417; *Bruen* v. *Hone*, 2 Barb. 586; *Ray* v. *Bogart*, 1 Johns. Cas. 432; *Arden* v. *Arden*, 1 Johns. Ch. 313; *Ellison* v. *Moffatt*, id. 46; *Mooers* v. *White*, 6 id. 360.)

*O. D. M. Baker* for respondent. The loan of May 1, 1844, was a sufficient consideration, as against George E. Wing and

his creditors, for the mortgage of April 8, 1878, and the loan with the mortgages held by Mrs. Wing for the conveyance of the equity of redemption, September 24, 1878. (*Babcock* v. *Eckler*, 24 N. Y. 623 ; *Woodworth* v. *Sweet*, 51 id. 8 ; *Jaycox* v. *Caldwell*, id. 395 ; *McCartney* v. *Welch*, id. 626 ; *Stockett* v. *Holliday*, 9 Md. 481.) The transaction was good, and the conveyance may be sustained, as an equitable settlement for the wife. (*Haviland* v. *Myers*, 6 Johns. 25–178 ; *Wickes* v. *Clarke*, 8 Paige, 161–5 ; 1 Bishop's Married Women, § 119.) The bond and mortgage was a resumption by Mrs. Wing of her separate estate authorized by the married woman's act. (Laws of 1848, chap. 200 ; *Westervelt* v. *Gregg*, 12 N. Y. 202 ; *People* v. *Briggs*, 50 id. 553, 565 ; *Golden* v. *Price*, 3 Wash. C. C. 313–318 ; *Bank* v. *Dudley's Trustees*, 2 Peters, 526 ; *Packet Co.* v. *Keokuk*, 95 U. S. 80–89.) The husband could and did waive his privilege. (*Baker* v. *Braman*, 6 Hill, 47 ; *Vose* v. *Cockroft*, 44 N. Y. 415–427 ; *Lansing* v. *Blair*, 43 id. 48.) And the wife took and has since lawfully held her property by virtue of the statute. (2 Bishop's Law of Married Women, § 34 ; *Lefener* v. *Wilmer*, 10 Penn. [10 Barr.] 505.)

Rapallo, J. The point upon which the appellant relies is that at the time of the receipt by George E. Wing from the guardian of his wife, of the $1,366 which she inherited from her father, he gave no obligation to settle the fund upon his wife or secure it to her. That it became his property, by virtue of his marital right (he having received it before the married woman act of 1848) and consequently the mortgage which thirty-three years afterward he gave to her for that money, and the interest thereon, had no consideration, legal or equitable, to support it, but was void as against his creditors.

The judge before whom the trial was had, found that George E. Wing received the money about the 1st of May, 1844, and applied it to the purchase of a farm, to which he then took the title in his own name, but that, from time to time thereafter, the money was spoken of by and between him and his wife as money belonging to her, and that, prior to any liability

to the plaintiff or its predecessor in interest, George E. Wing had promised to his wife to execute to her a paper to show for said money, but no such paper was executed until 1878, when the mortgage in controversy was given for $4,611.32, being the $1,366 and interest from 1844.

The judge further found that after 1848 Caroline Wing, the wife, received other sums of money in her own right which she invested in the purchase of a mortgage for $1,400 upon the premises in question, which premises were afterward conveyed to her in payment of her two mortgages, but subject to another mortgage for $2,200 executed by George E. Wing to his father; and the judge finds that the said conveyance to Caroline Wing was fairly and honestly made, and without any intent to cheat or defraud the creditors of George E. Wing.

The counsel for the plaintiff contends that the finding that the money paid to George E. Wing, by the guardian of his wife, in 1844, was, from time to time thereafter, spoken of between the husband and wife as her money, and that the husband, before becoming indebted, promised to give her a paper to show for it, is founded on a misapprehension of the testimony; that these conversations related to the moneys she received after 1848, and that there was no recognition of her right to the money received in 1844, until the giving of the mortgage in question, which was in 1878, shortly before the recovery of the plaintiff's judgment. We have examined the testimony with reference to this point, and do not find it so clearly made out as to justify us in holding that the finding of the judge is wholly unsupported. George E. Wing was examined as a witness on the part of the plaintiff, but his memory was very feeble, and, although he testified that he at one time gave his wife a note for the money received from her father, the judge did not find in accordance with his testimony in that respect. Mrs. Wing, however, testified that in the spring of 1844 she got $1,666 from her father's estate, and that she used $300 of it and the rest went to Mr. Wing, or went to pay for the farm. That up to the 14th of May, 1844, she was a minor. That the estate was settled up on the 1st of May, and from

that time there were conversations between herself and her husband with reference to that money, to the effect that the money was hers and she should have it; and the matter stood in that way until the mortgage was given in 1878 for the $1,366, and interest from 1844. On cross-examination she was unable to specify particular conversations, but reiterated the statement that all along through her life they had talked of her having so much money from her father's estate, and that her husband always claimed that she should have her money. The testimony is not very clear and satisfactory, but we think it is sufficient to sustain the finding of the judge, that the $1,366 was always acknowledged to be hers and to authorize an inference, in support of the judgment, that the money was obtained by the husband as her money, under some arrangement or understanding between the parties that it should be secured to her. Her right to the $1,400 mortgage, which formed part of the consideration for the conveyance, is not assailed, and, upon the whole case, we think the questions involved resolve themselves into questions of fact upon which the conclusions of the court below are final. If the money was received by the husband as his wife's, and to be accounted for or secured by him to her, he waiving his marital rights thereto, she had an equitable right to the fund, sufficient to sustain the mortgage which he subsequently gave to secure it, and the mere lapse of time would not invalidate the security. (*Woodworth* v. *Sweet*, 51 N. Y. 9; *Jaycox* v. *Caldwell*, id. 395; *Babcox* v. *Eckler*, 24 id. 623; *McCartney* v. *Welch*, 51 id. 626; 1 Bishop on Married Women, §.119.)

The question of intent to defraud was purely one of fact, and was determined in favor of the defendant. The only ground of appeal which can be urged here is that the conveyance sought to be set aside was without consideration, and, therefore, a voluntary conveyance, void in law against existing creditors. It must be remembered that this action is brought, not simply to set aside the $4,600 mortgage, but to set aside the deed from George E. Wing, dated Sept. 24, 1878, upon the allegation that there was no consideration for the deed. This allegation

is not sustained in any aspect of the case. Throwing out of view entirely the $4,600 mortgage, there was still a consideration for the deed, viz., the Griffin mortgage of $1,400, which is not assailed, and which, with interest, amounted to over $2,500. The value of the land is found to have been $5,700. It was subject to the mortgage to John Wing, amounting to $2,200, and accrued interest, and also to the dower right of Caroline Wing. If the Griffin mortgage were the only consideration it would be sufficient to sustain the deed in the absence of fraud, and there was no such gross inadequacy of consideration as to be conclusive evidence of fraud. The value of Wing's equity of redemption, subject to his wife's dower and his father's mortgage, did not greatly exceed the $2,500 and upwards due on the Griffin mortgage.

The judgment should be affirmed.

All concur, except FOLGER, Ch. J., taking no part; ANDREWS, J., absent.

Judgment affirmed.