Corlett, J.
—The defendant Francis M. Clint was married to John G. Clint in 1865, and they have since lived together as husband and wife.
In February, 1878, the husband purchased from his brother Theodore some land known as the Barringer farm.
*88 The defendant’s mother Maria Ketch advanced to her $550, the proceeds of a house and lot which she owned, upon an agreement between the defendant, her mother and the husband, that the husband should secure and pay the amount to his wife.
For more than ten years, ending in 1880, the mother received a pension of ninety-six dollars a year, payable quarterly, all of which she gave to the defendant at the time obtained. The whole amount was $960, which she loaned to her husband upon his agreement to secure her. _
_ He executed and delivered the agreement to her on its date. It bears date in the following form :
“For value received, I promise to give Frances M. Clint a mortgage on real estate for borrowed money, as soon as I can pay what is now against the place.
April 1, 1873.' JOHN Gr. CLINT.”
In November, 1882, the husband exchanged farms with one Siegler, from whom he received a conveyance of fifty-two acres in the town of Clarkson, in Monroe county, upon which the husband and his wife moved and carried on farming.
In December, 1884, the husband exchanged the Siegler farm with Dayton S. Morgan, to whom he conveyed the fifty-two acres, the defendant joining in the deed; in consideration of which Morgan conveyed to her 150 acres in Waseca, Minnesota.
She gave her promissory note to Morgan for $600, being the difference between the value of the Minnesota land and the Siegler farm above the incumbrance upon it. She secured the note by a mortgage on the Minnesota farm, which was of the value of $1,920.
The conveyance to her was in pursuance of an agreement between them that the land should be conveyed to her as security for the money loaned.
At the time of this conveyance the husband had personal property, consisting of farm stock, produce and tools of the value of $600, which, for further security, he mortgaged to his wife, and after that conveyed to her the property covered by it.
He had no property except that conveyed to his wife. He was then in debt to the plaintiff, upon which judgments, were recovered against him, executions issued and returned nulla bona. He was also indebted to other persons besides his wife in considerable sums, and was utterly insolvent, which was known to his wife.
She also knew that the property, after paying her, would not be sufficient to pay the other indebtedness. It was the *89 husband’s intention to prefer his wife over the other creditors
The indebtedness to the wife was much more than the value of the Minnesota land and the property covered by the chattel mortgage.
The referee found the above facts, which the evidence warranted him in doing, and directed a dismissal of the complaint upon the merits, upon which judgment was entered.
The referee, upon the request of the plaintiff’s counsel, refused to find that the husband caused the Minnesota land to be conveyed to the defendant to cheat the plaintiff and Porter from collecting their debts.
Also refused to find that she shared in her husband’s intentions in not paying his debts by putting the property in her hands.
He also refused to find that she had any notice of any fraudulent intent on her husband’s part to defraud the plaintiff and Porter.
Or that she took the deed of the Minnesota land with guilty knowledge of her husband’s fraudulent intent. Also that she participated in and aided her husband’s fraudulent intent.
Also that the deed of the Minnesota land was made and accepted by her to aid in a fraudulent intent. Or that-the chattel mortgage was taken by her to aid in a fraudulent intent.
In short, he refused to find fraud on the part of the defendant. Or that she in anyway aided her husband in any scheme to defaud his creditors.
Under the findings and refusals to find, the referee was right in directing judgment for the defendant.
The referee, after seeing the witnesses and hearing their testimony, determined the question of fraud in her favor, and this court will not disturb his findings. Bishop v. Stebbins, 41 Hun, 243; Peacock v. Comstock, 17 N. Y. Week. Dig., 252.
The debt to the wife being an honest one, he had a right to prefer her. Smith v. Smith, 17 Week. Dig., 81; Jewett v. Noteware, 30 Hun, 192; Billings v. Russell, 101 N. Y., 232.
The conveyance being given for a just debt is not rendered, fraudulent by including interest not collectible at law, Spencer v. Ayrault, 10 N. Y., 202.
The debt being honest, and there being no fraudulent, intent on the part of the wife, she would be protected., Syracuse Chilled Plow Co. v. Wing et al., 85 N. Y., 421.
*90 No error, to the prejudice of the plaintiff, was committed in the admission or rejection of evidence.
The judgment must be affirmed with costs.
Haight and Bradley, JJ , concur,