Barnard, P. J.
The plaintiffs are judgment creditors of a firm composed of James Barker, James Barker, Jr., and Mary O. Barker. In August, 1886, an execution against the property of the individuals composing the firm was returned unsatisfied, and this action was brought to set aside an assignment of property made by James Barker previous to the recovery of the judgment, with intent to defraud his creditors. Upon the trial it appeared that James Barker, one of the firm, in January, 1886, held the title to the lands described in the complaint, and on the 18th of January, 1886, conveyed the same through a third party to his wife, Mary A. Barker. The question was one, therefore, wholly of consideration and good faith in the parties to the transfer. There is some difference in the estimates of value, but it is found to be $3,500, and that is probably the fair value from the evidence. -The land was subject to a mortgage of $1,500. The parties were married in 1828. Shortly after the wife got from her parents some $500. This the husband had and always recognized the debt, not by written security, but “ just my word.”
The money was put in towards the purchase of the pjace in question in 1857. In 1872 the husband conveyed the property to his wife on the consideration of the old obligation. In 1872 he induced his wife to re-transfer it to him *555 on the express promise to re-convey it to her on thetermin.ation of his coal business. The wife joined in .a mortgage on the property for $1,500, and this the husband had. No interest was ever paid to the wife on the old $500 loan.
Under the case of Syracuse Chilled Plow Co. v. Wing (85 N. Y., 421), the consideration was good and the transaction just and free from fraud.
The judgment should be affirmed, with costs.
Pratt. J., concurs; Dykman, J., not sitting.