## BROOKLYN BANK v. LAMON et al.

*(Supreme Court, General Term, Second Department.　May 15, 1890.)*

FRAUDULENT CONVEYANCES—LOAN BY WIFE TO HUSBAND.

At the time of her marriage, prior to the passage of the married woman's acts, a wife had money in her own right which she loaned to her husband, under a provision that he would repay it, with interest. *Held,* that she had an equitable right to its repayment sufficient to support a conveyance for the purpose, which would not be defeated by mere lapse of time.

Appeal from judgment on report of referee.

A creditor's action by the Brooklyn Bank to set aside a conveyance made by defendant Archibald Lamon to defendant Mary Lamon, his wife, through the defendant Henry J. Smith. There was judgment for defendants, and plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Lyon & Smith,* for appellant.　*Hess & Townsend,* for respondents.

BARNARD, P. J.　The case shows that Archibald Lamon and Mary Lamon were married in 1843 or 1844.　That the wife at the time of her marriage had £1,000 sterling in her own right.　That this money was advanced to her husband, and by him used in the support of the family, under an agreement that he would repay her, with interest.　That subsequently the husband repaid her considerable sums on account of the loan, which was deposited by her in savings banks.　This money was withdrawn by her, and again loaned to her husband, under the provision that he would repay her, with interest.　The husband in 1886 conveyed the land in question to her in payment of the said loans.　There is no question of inadequacy of consideration other than is implied from the fact that the consideration, being the repayment of these loans, was insufficient in law.　That, because the parties were married before the married woman's acts were passed, the money belonged in law to the husband.

The point is decided against the appellant in the case of *Plow Co.* v. *Wing,* 85 N. Y. 421.　In that case the money was loaned by the wife to her husband on a provision to repay the same, and the court say that "if the money was received by the husband as his wife's, and to be accounted for or secured by him to her, he waiving his marital rights thereto, she had an equitable right to the fund sufficient to sustain the mortgage which he subsequently gave to secure it, and the mere lapse of time would not invalidate the security.　*Woodworth* v. *Sweet,* 51 N. Y. 9; *Jaycox* v. *Caldwell,* Id. 395; *Babcock* v. *Eckler,* 24 N. Y. 623; *McCartney* v. *Welch,* 51 N. Y. 626; Bish. Mar. Wom. § 119." The marriage was in that case entered into in 1844.　The referee is supported, therefore, by this case in his finding of a good consideration for the deed, and the question of intent to defraud is one of fact, and the referee has found that the conveyance was not made with any intent to defraud creditors.　The judgment should be affirmed, with costs.