(59 App. Div. 37.)

### DORLAND v. DORLAND et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

HUSBAND AND WIFE—PERSONAL PROPERTY OF WIFE—MARITAL RIGHTS OF HUSBAND—WAIVER.

A wife received money from her father's estate, which she gave to her husband to invest for their son, the plaintiff, with the understanding that it was to be delivered to plaintiff on the death of the husband. The husband often admitted in his lifetime that he held the money in trust for plaintiff. The wife died before her husband, and the executors of the

husband's estate refused to pay the money to plaintiff on the ground that it had become the absolute property of the husband, under his common-law marital rights. *Held*, that plaintiff was entitled to the money, since the husband, by agreeing to account for it, had waived his marital rights.

Appeal from trial term, Dutchess county.

Action by J. Wesley Dorland against Cyrenus Dorland and Ardella E. Dorland, as executors of the last will and testament of Zachariah F. Dorland, deceased. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, JENKS, and SEWELL, JJ.

Hackett & Williams (Frank B. Lown, on the brief), for appellants. James G. Meyer (W. H. Wood, on the brief), for respondent.

WOODWARD, J. Zachariah Dorland married Susan Chatterton on the 8th day of October, 1845. A son, J. Wesley Dorland, the plaintiff in this action, was born to them on the 12th day of September, 1846. On the 26th day of September, 1846, the mother died; and a few years later Zachariah Dorland married Eliza, the deceased wife's sister, and, she dying, Zachariah married for a third time in 1894, the last wife surviving him. It was alleged on behalf of the plaintiff that his mother received $2,000 from her father's estate, and that this sum was taken by the father upon an agreement to invest and care for the same, and to deliver it to his son at the father's death. The father, by his will, neglected to provide for the payment of this trust fund, and this action was brought against his executors to compel the payment out of his estate. The evidence in support of this claim consisted principally of the admissions of Zachariah Dorland during his lifetime, the executors being able to afford but little evidence bearing upon the question, and they rely upon this appeal largely upon the theory that, as the money came into the possession of their testator before the modification of the common law in 1848, the marriage with Susan Chatterton vested in the husband the right to reduce to his possession and ownership the wife's choses in action, and gave him the title to her personal chattels at once and absolutely; and, there being some evidence that this money was invested in a certain farm, it is urged that this is evidence that their testator had availed himself of this right, and had actually become the legal owner of the money of his deceased wife. The jury, to whom the question was submitted under a charge which carefully and forcibly called attention to the necessarily one-sided and interested character of the evidence in support of the plaintiff's claim, found a verdict in favor of the latter for $2,000, less a certain amount found to have been provided for in the will. From the judgment entered upon this verdict, and from an order denying a motion for a new trial, defendants bring an appeal to this court.

While it is not to be doubted that under the law as it existed at the death of Susan Dorland, plaintiff's mother, Zachariah Dorland

might have taken her $2,000 and appropriated it to his own use, this was a right which he might waive; and if he did not choose to avail himself of his marital right, but permitted his wife to have it as her separate estate, and it thus became her separate estate in equity (Savage v. O'Neil, 44 N. Y. 298, 301), there is no doubt of her right to give it to her ·husband in trust for her son. There is no evidence in the case disputing the testimony offered by the·plaintiff that Zachariah Dorland during his lifetime admitted repeatedly that he held this sum in trust for his son, and the evidence from both ·sides indicates that there was an understanding through the family that Susan Dorland had some money in her own right, which was always referred to as belonging to the first wife. While the evidence is not very clear and satisfactory, we think it is sufficient to support the finding of the jury that the $2,000 was always acknowledged to be Susan Dorland's, and to authorize an inference, in support of the judgment, that the money was obtained by the husband as her money, under some arrangement or understanding between the parties that it should be secured to her son. Plow Co. v. Wing, 85 N. Y. 421, 426. If the money was received by the husband as his wife's, to be accounted for or secured by him to her son, he waived his marital rights thereto, and she had an equitable right to the fund sufficient to direct its disposition upon the death of her husband. Plow Co. v. Wing, supra. See, also, Jaycox v. Caldwell, 51 N. Y. 395.

We think the case was properly disposed of by the trial court, and that the judgment and order appealed from should be affirmed, with costs. All concur.