*James* for plaintiff; *Harlan & Craddock* for defend-ants.

---

## Strader *vs* Lambeth, &c.

### ERROR TO THE JEFFERSON CIRCUIT.

*Evidence. Partnership. Steamboats.*

JUDGE SIMPSON delivered the opinion of the Court.

THE decision of the Court below, that the bill of sale from Reeder, made defendant, Strader, legal part owner of the boat Houma, and parol evidence was inadmissible to show that the bill of sale although absolute on its face,

ASSUMPSIT.

*Case* 144.

7bm589
e117 672

7bm589
*September* 28. f132 634

Parol evidence is inadmissible to vary the terms of a written con-tract, unless there be fraud,

STRADER
*vs*
LAMBETH, &c.

mistake or usu-
ry; but when the
parties admit
that the contract
was . otherwise
than as appears
by the writing,
this rule has no
application. Nor
does the rule ap-
ply to strangers
to the writing.—
(1 *Greenleaf* 337;
*Starkie*, 575.)

created in reality only a trust, to which effect the Court instructed the jury, we deem erroneous. Between the parties to the instrument, such evidence, it is true, is only admissible, when the party offering it, first shows that the writing, either by fraud or mistake, was drawn differently from what the parties intended, or was executed under circumstances tending to prove that the contract was usurious. But when the parties themselves do not rely upon the writing as drawn, but admit the contract to be other than that which it exhibits, this rule has no application. Nor are strangers to the instrument concluded by its terms, or estopped to show by parol evidence, that the contract of the parties is different from what it purports to be on the face of the writing; and as estoppals where they exist must be mutual, it follows that in a controversy with strangers to the instrument, the parties to it are not themselves estopped to explain or contradict it by parol evidence: (1 *Greenleaf*, 317 ; 2 *Starkie*, 575.)

A beneficial in-
terest in a steam
boat, without
holding the legal
title, will render
the person hold-
ing such interest
liable for servi-
ces done or sup-
plies furnished
for the boat: (3
*Kent's Com.* 123;
16 *East's Rep.*
174; *Collyer on
Part.* 684 )

As the liability of Strader depended on his being beneficially interested in the boat, or, on his having assumed ownership, or otherwise acted so as to have induced the plaintiff to give the credit on the faith of his responsibility, the exclusion of this evidence from the consideration of the jury, was evidently to the prejudice of the plaintiff in error. The party who holds the legal title is not made liable merely on that account, he may hold it merely in trust, and be neither actual or ostensible owner. His liability depends on his actual interest, or his agency in the control and management of the boat, and the character which he assumes before the public : (3 *Kent's Com.* 133 ; 16 *East.* 174; *Collyer on Partnership*, 684.)

Had the evidence been sufficient to show that Strader was part owner of the steamboat at the time the account to Lambeth & Thompson was created, and that the captain of the boat was placed under such circumstances as authorized him to bind the owners for necessary supplies and repairs, as what constituted necessaries for this purpose, was a question of fact proper alone for the jury to decide, the instruction to the jury that they might find that certain enumerated items in the account were for necessaries, if it be understood as a decision by the Court on

this point, was improper. But the Court probably in-
tended to inform the jury that the excluded items in the
account could not be deemed necessaries, and as to the
others, the jury had to determine from the evidence
whether they were for necessaries or not.

It is contended, however, on the part of Lambeth &
Thompson, that the Court erred in setting aside the first
verdict and granting a new trial, that the verdict ought to
stand, and a judgment be rendered thereon. We are
however of opinion, the first verdict was unauthorized by
the evidence. It was for an amount exceeding that which
would be considered under any view of the evidence, as
due on account of necessary expenditures. Besides, the
law of the case was not fully presented to the jury in re-
lation to the power of the captain of the boat to bind the
owners, when he was in a situation to communicate with
them without inconvenience, or prejudice to their inter-
ests.

We think, therefore, that the Court was right in setting
aside the first verdict and granting a new trial. But for
the error committed on the last trial, as before stated, the
judgment must be reversed, and cause remanded for a
new trial and further proceedings in conformity with this
opinion.

*Marshall and Pirtle* plaintiff; *Fry & Page* for def'ts.