## BREWSTER v. LATHROP.

PLAINTIFF assigns to defendant, September 22d, two shares of stock in a mining company, stating in the assignment, "I authorize the transfer to him, (defendant) with all the dividends made after the morning of the twenty-third of September." Both parties expected a dividend on Monday, the twenty-second. The trustees did not, in fact, declare dividends until between noon and one o'clock, on Tuesday. *Held*, that the dividends belonged to plaintiff; and that parol evidence was admissible to explain the transaction, and point its meaning.

APPEAL from the Fifteenth District.

Complaint avers, in substance, that at the time of the sale of the stock in question, it was understood between the parties, that the money then in the treasury of the company, subject to dividend, should belong to plaintiff; and that defendant had fraudulently imposed on plaintiff, an illiterate man, in the wording of the assignment. Complaint further avers, that there were in the treasury, subject to dividend, seven hundred and twenty dollars per share—fourteen hundred and forty dollars in all; and that defendant fraudulently induced the trustees to declare a dividend of only four hundred dollars per share—eight hundred dollars in all. Suit was brought for fourteen hundred and forty dollars dividends. The answer denied the material averments of the complaint.

The Court below permitted plaintiff to prove by witnesses, conversations had with defendant as to the meaning of the assignment on the question of dividends then on hand. The case was tried by the Court, and judgment rendered for plaintiff for eight hundred dollars, with interest. Defendant appeals.

*Burt & Rhodes*, for Appellants.

Parol evidence was inadmissible to alter, vary, or contradict the written contract of sale. (1 Greenl. Ev. sec. 275; 1 Cal. 129; Id. 337; *Lennard* v. *Vischer*, 2 Id. 37; *Osborn* v. *Hendrick*, 7 Id. 282; same case, Id. 31; *Kreitzer* v. *Mills*, 9 Id. 21; *Low* v. *Henry*, 9 Id. 538; *Erwin* v. *Saunders*, 1 Cow. 249; *Jenny Lind Co.* v. *Bower*, 11 Cal. 194; 2 Story Eq. J. sec. 1531; 2 Cow. & Hill notes, Phil. Ev. 621, (note 310); 2 Ves. 195; 6 Id. 333; 1 Black. 1202; 1 Johns. Ch. R. 598; 12 Johns. 427; *Gillespie* v. *Moon*, 2 Johns. Ch. 585; *Webb* v. *Rice*, 6 Hill, 219.)

*Robinson, Beatty & Heacock,* for Respondent.

As to the admissibility of parol evidence to show what the parties meant by their written agreement; See 2 Parsons on Contracts, 69 to 78, particularly note *n*, p. 72, note *b*, p. 74, and note *z*, p. 76.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

On the twenty-second day of September, 1856, the plaintiff was the owner of two shares in the capital stock of the Ohio Mining Company, on which day he assigned them to defendant, by indorsing on each of the two certificates as follows:

" I hereby assign, transfer, and set over all my interest in the within share of stock to H. B. Lathrop, and authorize the transfer to him, with all the dividends made after the morning of the twenty-third of September.

(Signed)           H. BREWSTER."

It was in proof that the shares sold were in a mining company which was then at work in the river, taking out large amounts of gold dust therefrom; and it was expected that a dividend would be declared on Monday morning, the twenty-second of September. It had been usual to declare dividends on Sunday. On Sunday one of the directors told plaintiff he thought a dividend would be declared the next day. Both parties lived in the neighborhood. On Tuesday forenoon the defendant went to the office of the company, to have the shares transferred on its books. Defendant inquired of some of the trustees, whose duty it was to declare dividends, if the dividend had yet been declared. On being told that it had not, defendant said it would be an accommodation to him if it was not declared until the afternoon. At this time some of the trustees were on the claim of the company, and others on other parts of the work or buildings of the company, some three or four hundred yards apart. One of the trustees told defendant that a dividend would be made when other trustees came up from the claim at noon. A dividend was, in fact, made between twelve and one o'clock of that day, the twenty-third, of four hundred dollars to the share. This was paid to the defendant by the company, and an order from the trustees to the treasurer given, to pay the money to defendant. After this statement, the learned Judge below proceeds: " I think it clear

that the shares of stock were transferred with the view that the money then in the treasurer's hands should belong to the plaintiff. Both expected a dividend would be made on Monday, and the time was evidently extended to the twenty-third, Tuesday, to cover any delay of the trustees in declaring it. With this understanding of the parties, a delay of less than one hour cannot defeat plaintiff's rights to the dividends then made." And we are of the same opinion. It would be sacrificing the spirit of this contract to its letter, to hold that this delay of the trustees for this brief space, defeated the plaintiff's rights, even if there was no reason to believe, as there is, that the defendant's own interfering produced or contributed to this result.

We have no doubt parol evidence was properly admitted, to explain the transaction, and point its true meaning. (See Parsons on Cont. 2 vol. p. 72, *et seq.*)

Judgment affirmed.