WILLIAM C. BUSCH AND PETER LANE v. ERASTUS N.
POLLOCK.

*Logging contracts—Usage fixes grade of logs:*

In assumpsit for putting in logs, cross-examination as to the amount
of plaintiff's capital is scarcely relevant to determine whether he
was a contractor or only an employee.

It is within the discretion of the trial judge to rule out a question
that has already been answered in substance.

A written conveyance of timber does not, as against a stranger to
the deed, conclusively show title.

Usage determines what a No. 1 log is if there is no evidence to vary
it, or to show a special agreement as to what shall be included
under that description.

Error to Tuscola. Submitted April 24. Decided June 4.

ASSUMPSIT on the common counts by Pollock against
Busch and Lane for logs sold to them, work done for
them, and money paid on their account. Defendants
pleaded the general issue with notice of set-off. Plaintiff
recovered and defendants bring error.

*John A. Edget* for plaintiffs in error. If an estab-
lished fact, such as settled usage, is uncontested on a
trial, it is the court's duty to instruct the jury as to its
effect on the rights of the parties, *Wisner v. Davenport*,
5 Mich., 504; *Battershall v. Stephens*, 34 Mich., 73; *Dick-
erson v. Wason*, 48 Barb., 414; a defendant is entitled
to a charge on every material fact that affects the
amount of recovery against him, *Sword v. Keith*, 31
Mich., 247.

*E. H. Taylor* and *Black, Edson & Quinn* for defend-
ants in error. A frivolous cross-examination may be
stopped, *O'Donnell v. Segar*, 25 Mich., 374; *Ranger v.
Goodrich*, 17 Wis., 83; *Kellogg v. Nelson*, 5 Wis., 131; a
bill of sale does not exclude parol evidence to explain

it, *Picard v. McCormick*, 11 Mich., 68, and may be shown to create only a lien instead, *Fuller v. Parrish*, 3 Mich., 211.

MARSTON, J.   As to a part of plaintiff's claim in the court below there was a dispute as to whether he was a contractor in putting in the logs or was acting merely as foreman for defendants.   Upon cross-examination of the plaintiff he was asked to give, as near as he could approximate the same, the amount of capital he had when he made the bargain with Busch.   This was objected to and the objection sustained.   It is claimed that this inquiry, if permitted, would have elicited a reply tending to show that plaintiff could not have been a contractor, because he did not have the necessary means to operate as such.

We are not satisfied that an answer to the question, however given, would necessarily have had such a tendency.   A party may enter into an agreement as a contractor to put in logs, trusting entirely to advances to enable him to enter upon and carry on the work.   If all contractors were capitalists, and it followed as a sequence that none but capitalists could take contracts for putting in logs, then perhaps defendants might have been entitled to pursue the inquiry.   There is, however, another sufficient answer; several questions had been asked the plaintiff and answered, of like tenor and purport.   The circuit judge, acting within a reasonable discretion, as we must assume he did, declined to permit any farther inquiry; and we are not satisfied that defendants were at all injured by the ruling.

It also was a material question whether plaintiff sold defendants the logs cut upon a certain description of lands, or whether defendants purchased the timber thereon.   The defendants introduced a written conveyance of the timber from the owner of the realty to one of the defendants.   The plaintiff introduced evidence tending to prove that he had made an agreement with

the owner of the land for the purchase of the timber; that defendant Busch afterwards agreed to advance the agreed price therefor, and that the conveyance was taken in his (Busch's) name simply as a security for the advance so made.

The case was submitted to the jury upon these conflicting theories, and the court refused to charge that in no event could the plaintiff recover the value of such logs, because it appeared that the timber was sold to defendant Busch, and no title to the same ever vested in plaintiff.

While a written conveyance of the timber might be considered as conclusive in a controversy between the parties thereto, it could not so operate as to third parties. If the facts were as claimed by the plaintiff, and that he afterwards made an agreement with defendant Busch to cut the same into logs and sell them to defendants, then, clearly, he was entitled to recover the contract price, notwithstanding the written conveyance referred to.

Plaintiff also claimed to recover the contract price for certain No. 1 and No. 2 ash logs he sold defendants, under an agreement that all logs fourteen inches in diameter and upwards at the small end should be treated as No. 1. This agreement was denied by defendants, who gave testimony showing that a No. 1 log should be at least sixteen inches in diameter inside the bark at the small end and free from all defects.

What constituted a No. 1 log, as thus shown by defendants, it was argued stood as an established, uncontested fact, and the court, therefore, should have charged the jury as requested, viz.: "If the jury shall find that there was no agreement between the plaintiff and defendants in respect to what diameter the ash logs should be in order to make a No. 1 log, then the jury should treat no part of the ash logs as No. 1, unless the same were at least sixteen inches in diameter inside the bark at the small end, and free from all defects."

The plaintiff, in order to recover in the case, assumed the burden of showing either an express or an implied contract in reference to these ash logs. If he failed in establishing the former, then to recover under the second theory, claiming as he did for number 1 and number 2 logs, he must have shown what constituted a number 1 and what a number 2. In the absence of an express contract, there was no evidence tending to show that any log of less diameter or of different quality than as testified to on the part of defendants could be considered a number 1. In the absence of finding a special or express contract, the jury had no other evidence from which they could determine the question as to what would or would not be a number 1 log, and unless they could determine such fact the plaintiff had shown no right to recover. The request to charge should have been given.

The judgment must, therefore, be reversed, with costs, and a new trial ordered.

The other Justices concurred.