[No. 973.]

## THE BANK OF CALIFORNIA, APPELLANT, *v.* W. S. WHITE ET AL., RESPONDENTS.

WRITTEN CONTRACT—WHEN MAY BE VARIED BY PAROL EVIDENCE.— Defendants were jointly liable, under a written contract, to H. and B. for the construction of the International Hotel. Plaintiff loaned defendant White certain money, which was used in the construction of said building, and brought suit against all the defendants as partners. On the trial, each of the defendants, other than White, was allowed to testify that he was not a partner with the defendant White; that he had no account with plaintiff, and that he had nothing to do with the contract except as a bondsman: *Held*, that this evidence was properly admitted.

IDEM.—The rule that parol evidence is not admissible to vary the terms of a written contract, is confined in its operation to the parties to the contract, their representatives, and those claiming under them; it has no application against any party who is a stranger to the instrument.

IDEM—BOTH PARTIES MUST BE BOUND.—Unless both parties are bound by the contract, either is at liberty to show, by parol, a different state of facts from that set out in the writing.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts sufficiently appear in the opinion.

*Whitman & Wood,* for Appellant.

I. Even under the evidence of defendants, the contract constituted them partners in the special enterprise between

themselves, though White was to have all the profits, as there was a joint venture, with a joint liability to loss.

But, if not partners between themselves, they were so as to the world at large, or at least that portion of the world which contributed by money, labor, or material, to the advancement of the joint enterprise; and it can make no difference that the business was carried on in the name of White, or that the money was advanced in his name. (*Braches* v. *Anderson,* 14 Mo. 442, side paging.)

II.  There is no equity superior to the writing to be shown here.

The contract is plain, precise, and without ambiguity; there is no excuse for an attempt to alter it, or vary the relation of defendants to it. (*Auburn Bank* v. *Leonard,* 40 Barb. 119; *Babbett* v. *Young,* 51 N. Y. 238.)

*Stone & Hiles,* and *R. H. Taylor,* for Respondents.

I.  There was nothing in the conduct of the respondents which tended to show that they were holding themselves out, to appellant or to the world, as partners in business, or as joint contractors in the building of the hotel.

The signing of the contract by them was for the benefit and protection of Hanak and Bateman alone; the appellant is a stranger to that agreement, and can not claim anything under it. (*Hedges* v. *Bowen et al.,* 83 Ills. 161.)

II.  The general rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument, applies only to parties to the instrument and those claiming under them. (*Smith* v. *Moynihan,* 44 Cal. 63; *Hussmann* v. *Wilke,* 50 Id. 250; *Reynolds* v. *Magness,* 2 Ire. 30; Greenleaf on Evidence, sec. 279; *Sargent* v. *Collins,* 3 Nev. 260.)

By the Court, HAWLEY, J.:

On the fourth day of May, 1876, the defendants, W. S. White, Owen Fraser, David Crosby, R. J. Breed, and B. H. Carrick, entered into a written contract with A. Hanak and I. Bateman, to build and complete the building in Virginia City known as the International Hotel.

While said contract was in force, the plaintiff loaned and

advanced to the defendant White the sum of twelve thousand two hundred and thirty-eight dollars, which was used in and about the construction of said building.

The money was loaned to White individually, but the loan was made with knowledge of the terms of the written contract.

Appellant brought this suit to recover of and from all of the defendants the amount so loaned, and claims that defendants were partners in said contract for building said hotel, and are jointly liable for the payment of said sum of money.

The district court gave judgment in favor of the plaintiff against defendant White, and in favor of the other defendants for their costs.

On the trial, each of the defendants—other than White—testified in his own behalf that he was not a partner with the defendant White, and never had been; that he had no account in connection with him with the Bank of California; that he signed the contract for building the International Hotel as a guarantee that defendant White would build the same in accordance with the terms of the contract; that he had nothing to do with purchasing any materials for building the hotel, nor with borrowing any money, nor in the employment of any one in its construction, nor did he ever receive any money on account thereof, and had nothing to do with the contract, except as a bondsman. The plaintiff objected to the testimony of said defendants, on the ground that it was calculated to impeach and vary the writing, and that it was incompetent for the defendants to alter, or attempt to alter, their *status* as fixed by the contract.

These objections were overruled, and exceptions taken.

Did the court err in admitting this testimony ?

Under the terms of the written contract, the defendants were jointly liable to Hanak and Bateman for the fulfillment of the contract, and, as against them, would not, under the law, be allowed to vary their obligation by parol. But this general rule of evidence is always confined in its operation to the parties to the contract, their representatives, and those claiming under them.

It has no application whatever as against any party who is a stranger to the instrument. (Greenl. on Ev., sec. 279; *Krider* v. *Lafferty*, 1 Whart. 314; *Woodman* v. *Eastman*, 10 N. H. 359; *Edgerly* v. *Emerson*, 3 Fos. 565; *Furbush* v. *Goodwin*, 5 Id. 453; *Hughes* v. *Sandal*, 25 Tex. 165; *Blake* v. *Hall*, 19 La. An. 52; *Talbot* v. *Wilkins*, 31 Ark. 420; *Van Eman* v. *Stanchfield*, 10 Minn. 265; *Hussman* v. *Wilke*, 50 Cal. 251.)

The Bank of California was not a party to the contract and is not bound by it. It was at liberty to show, if it had so desired, that the written contract did not disclose the true *status* of the respective parties.

As it could not be bound by the terms of the contract, the defendants were at liberty to show the true character of the transaction. Unless both parties are bound, either is at liberty to show, by parol, a different state of facts from that set out in the writing. (*Reynolds* v. *Magness*, 2 Ire. 30; *Venable* v. *Thompson*, 11 Ala. 148; *Strader* v. *Lambeth*, 7 B. Mon. 590; *Smith* v. *Moynihan*, 44 Cal. 64; *McMaster* v. *Insurance Co. of N. A.* 55 N. Y. 234.)

The ruling of the court in admitting the testimony of defendant was correct.

The judgment of the district court is affirmed.