[No. 19101.    Department One. — February 25, 1893.]

## R. R. DARBY, Appellant, v. THE ARROWHEAD HOT SPRINGS HOTEL COMPANY, Respondent.

Assumpsit — Money Loaned to Hotel Corporation — Transfer of Cause of Action — Evidence — Deed from Stockholder to Co-stockholders. — In an action against a hotel corporation to recover a sum of money claimed to have been loaned to the corporation by the plaintiff, where the answer alleged as a defense that before the commencement of the action the plaintiff had transferred the demand to other parties, and was not the owner or holder thereof, and the evidence showed that the plaintiff had made the advances of money as a stockholder in the corporation defendant, a deed from the plaintiff to the alleged transferees, who were also stockholders in the corporation, transferring all of the plaintiff's interest in all the property belonging to the corporation, "including all furniture and fixtures, insurance, papers, stock, books of account, bills receivable, accounts, claims, and advances, business, and good-will," is properly admitted in evidence, upon the part of the defendant. as tending to show a sale and transfer by the plaintiff to the transferees therein named of the demand against the corporation, which is the basis of the action.

Id. — Parol Evidence to Explain Deed. — The hotel corporation not being a party to the deed from the plaintiff to a portion of the remaining stockholders, and not having any shares of stock to be sold, or any claims for money advanced, notwithstanding the description in the deed is of property belonging to the hotel company, including stock and moneys advanced, it is competent to show by parol evidence that the plaintiff had made advances of money as a stockholder to the corporation, which were the subject of the transfer, and thus explain the language of the contract by reference to the circumstances under which it was made.

Id. — Construction of Written Instrument. — Courts cannot adopt a construction of any legal instrument which shall do violence to the use of language or to the rules of law.

Appeal from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Holloway & Kendrick*, and *Ray Billingsley*, for Appellant.

The parol evidence offered was inadmissible, as there was no ambiguity in the language of the deed. (Civ. Code, sec. 1638; *Swain* v. *Grangers' Union*, 69 Cal. 186; *Hewitt* v. *Dean*, 91 Cal. 11.)

*H. C. Rolfe,* and *Chapman & Hendrick,* for Respondent.

Parol evidence was admissible to explain the circumstances surrounding the parties at the time of the execution of the deed. (Code Civ. Proc., sec. 1856; Civ. Code, sec. 1647; *Jenny Lind Co.* v. *Bower,* 11 Cal. 197; *Stanley* v. *Green,* 12 Cal. 162; *McNeil* v. *Shirley,* 33 Cal. 202; *Thompson* v. *McKay,* 41 Cal. 221; *Altschul* v. *San Francisco P. H. A.,* 43 Cal. 171; *Sprague* v. *Edwards,* 48 Cal. 239; *Truett* v. *Adams,* 66 Cal. 221; *Grennan* v. *McGregor,* 78 Cal. 258.) Parol evidence is admissible to identify the person or thing described. (*Garwood* v. *Garwood,* 29 Cal. 520; *Penry* v. *Richards,* 52 Cal. 499; *Wheeler* v. *Bolton,* 66 Cal. 87.) It is also admissible to show the true meaning or sense in which a word is used. (*Brewster* v. *Lathrop,* 15 Cal. 21.)

The COURT. — The plaintiff, R. R. Darby, brought this action to recover a certain sum of money from the defendant, a hotel corporation, claimed by him to have been loaned to the corporation. The defendant denied all the allegations of the complaint, except that the defendant was a corporation; and for a further and separate defense alleged that before the commencement of this action the plaintiff had sold and transferred to other parties every indebtedness due by the defendant to the plaintiff, which included the present demand, and that at the time the action was brought the plaintiff was not the owner or holder of any demand against the defendant. The court below found all the allegations of the answer to be true, and rendered judgment in favor of defendant, for costs, etc. From that judgment, and from an order refusing a new trial, this appeal is taken.

The main ground assumed by the plaintiff and appellant for a reversal of the judgment and order is, that the court erred in the admission in evidence of a certain deed from the plaintiff to three other persons, who were stockholders in the hotel corporation. The objection made was, that the evidence proffered was irrelevant and immaterial, and not responsive to any of the pleadings

in the case. If it sufficiently appears from the recitals of this instrument that the plaintiff's claim against the hotel corporation for loaned money was transferred and assigned to the three persons named in that instrument as transferees, then, of course, the deed was relevant and material to the issues raised in the pleading. To our minds, the recitals above adverted to, taken in connection with the circumstances of the transfer proved by the plaintiff himself, make it clear that it was intended by that instrument to sell and transfer to the three parties above named the demand against the hotel corporation, which is the basis of plaintiff's action.

The language describing a part of the property, and which affects the matter in hand, runs thus: "And also all right, title, and interest, of whatsoever nature, in and to all property, real, personal, and mixed, in San Bernardino county, hitherto and now belonging to the Arrowhead Hot Springs Hotel Company, a corporation, including all furniture and fixtures, insurance, papers, stock, books of account, bills receivable, accounts, claims, and advances, business, and good-will.'

The plaintiff had shown by evidence that he was a stockholder in the corporation, and that he had made to it *loans* and *advances* to the amount he sued for; that the other stockholders, four in number, had also made such loans; and that he had sold his stock and interest in the hotel company property by instrument of writing to the three grantees in the deed. The instrument in question was certainly not one by the terms of which the transferees and purchasers were selling any stock or claims for the money they had loaned or advanced. The hotel corporation did not have, and could not have, belonging to it any shares of stock which it could sell or transfer, neither could such a corporation have any claims for money advanced or loaned. Therefore, it is very clear that the only other person or party to this instrument who had any stock or claim for advances which he transferred or could transfer was the plaintiff.

It does not appear from the language of the instru-

ment, therefore, with absolute certainty, to whom the "advances" mentioned in the deed belonged; but taking the evidence of the plaintiff that he had made advances of money as a stockholder, and that of the transferees of the plaintiff's interest in the hotel company, it is plain that the advances intended to be transferred were those which formed the basis of this action.

The argument suggested by the appellant against this view of the matter is, that the language of the deed as affecting these "advances" is too plain to admit of any explanation whatever; that it is there distinctly asserted that these advances *belonged to the hotel company*, and therefore no explanation by parol could be admitted which could vary the meaning of that language. But, as we have seen, such a hotel corporation could not, according to the rules of law, advance money to any one, as a bank or commission merchant could; therefore, it appears on the face of the instrument itself that such advances made to some one could not belong to the corporation. "Courts cannot adopt a construction of any legal instrument which shall do violence to the use of language or the rules of law." (2 Parsons on Contracts, 7th ed., 495.) This being so, it seems pertinent to show in this matter what advances were transferred by the deed, and, as it were, identify to whom they belonged when the instrument was executed, and thus to explain this language of the contract by reference to the circumstances under which it was made. (Code Civ. Proc., secs. 1647, 1856–1860; *Brewster* v. *Lathrop*, 15 Cal. 21; 2 Parsons on Contracts, 7th ed., 550.) It will be observed here, also, that the corporation against which this suit is brought is not a party to the instrument offered in evidence. The three stockholders to whom the transfer was made, and the fourth, who made it, are the sole parties. The fifth stockholder is not a party in privity with them in the matter. It would seem, therefore, that the strictness of the rule against the admission of parol evidence to explain this contract should be relaxed in a case like this. " In such cases much of the reason which

prohibits the introduction of extrinsic evidence fails, and with it the prohibition fails." (2 Parsons on Contracts, 7th ed., 687.)

We therefore think that the deed, and the evidence explanatory of it, were admissible. There being no prejudicial error shown by the record, the judgment and order are affirmed.