[No. 4096.   Decided April 28, 1902.]

GEORGE W. CARMACK, *Respondent,* v. KATIE DRUM *et al.,*
*Appellants.*

APPEAL — AFFIRMANCE — SUPERSEDEAS — CONDITION FOR PAYMENT OF DAMAGES — JUDGMENT ON BOND.

Under Bal. Code, § 6523, which provides for judgment against the sureties upon an appeal bond on the affirmance of a judgment for the payment of money, "and in any other case of affirmance the supreme court shall likewise render judgment against both the appellant and his sureties in the appeal bond for the amount recoverable according to the condition of the bond, in case such amount can be ascertained by the court without an issue and trial," the supreme court could not award the damages sustained by respondent on account of the detention of his property pending an appeal, although a supersedeas bond has been given conditioned to pay all rents or damages to the property in controversy during the pendency of the appeal, and out of which respondent should be kept by reason of the appeal; but respondent's remedy would be by action on the bond in the proper forum.

MOTION TO RECALL REMITTITUR.

*Josiah Collins* and *Hastings & Stedman,* for appellants.

*Metcalfe & Jurey,* for respondent.

PER CURIAM.—Respondent moves for leave to file a supplemental record in the above entitled cause, containing a copy of the supersedeas bond on appeal; that the judgment against the principal and sureties upon said bond for

$300 and interest, the amount of the original judgment entered in the superior court, be entered therein; that the cause be remanded to ascertain the amount of rents and damages to the real property accruing during the pendency of the appeal, and to render a further judgment against the principal sureties for the amount so found; and that the remittitur may be recalled for modification as specified. The cause was determined in this court on the 19th of February, 1902, and is found reported in 27 Wash. 382 (67 Pac. 808). The judgment was affirmed, with costs in favor of respondent. The remittitur was issued and filed in the superior court on the 26th of March, 1902. The original judgment of $300 and costs was paid on the 7th of April, 1902.

This court has never entertained a motion to recall the remittitur for any other purpose than the correction of the judgment; that is, to make the judgment here conform to the decision actually rendered. But it is unnecessary at the present time to decide how far the jurisdiction of this court extends when the remittitur containing the actual decision has been filed in the superior court. Here it appears that the original judgment has been paid. The bond was not before the court, it is true, when the decision was rendered. It has been brought here, and therefrom it appears that it is conditioned to pay all rents or damages to the property, the subject of the action, during the pendency of the appeal, and out of the possession of which respondent shall be kept by reason of the appeal, not exceeding the sum of $1,000. It is apparent on an examination of the statute (§ 6523, Bal. Code), that if the bond had been properly before the court, it could not have rendered any judgment against the sureties upon this stipulation. After providing for a judgment against the sureties when the judgment is for the payment of money, it is provided,

"and in any other case of affirmance the supreme court shall likewise render judgment against both the appellant and his sureties in the appeal bond for the amount recoverable according to the condition of the bond, in case such amount can be ascertained by the court without an issue and trial." It is evident that whatever damages may have been sustained by respondent on account of the detention of the property by appellant during the pendency of the appeal must be ascertained by a trial in the proper forum, and founded upon the contract evidenced by the bond.

The motion is denied.