[No. 4706. Decided July 14, 1903.]

GEORGE W. CARMACK, *Appellant*, v. KATIE DRUM *et al.*, *Respondents*.

PAROL EVIDENCE — VARIATION OF WRITTEN INSTRUMENT — RULE AS TO THIRD PARTIES.

Evidence of an oral agreement contemporaneous with a deed of conveyance, whereby the grantor was given the right to collect the rents of the premises for a stipulated period after conveyance, is admissible in an action by him to recover such rents, since the rule prohibiting the variation of written instruments by contemporaneous oral agreements applies only to the parties thereto and not to third persons.

UNLAWFUL DETAINER — SUPERSEDEAS ON APPEAL — LIABILITY ON
BOND — EFFECT OF SATISFACTION OF JUDGMENT.

The fact that judgment in favor of plaintiff in an action
of unlawful detainer had been satisfied after affirmance on appeal
would not release liability upon a supersedeas bond given for the
protection of plaintiff pending the appeal.

Appeal from Superior Court, King County.—Hon. .
WILLIAM R. BELL, Judge. Reversed.

*Metcalfe & Jurey,* for appellant.

*Hastings & Stedman,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—This is an action to recover upon a super-
sedeas bond given in a case on appeal to this court. Plain-
tiff was nonsuited by the lower court, and appeals from
a judgment thereon.

The facts in the case are substantially as follows: Re-
spondents Drum & Morgart were tenants from month to
month of certain real estate belonging to appellant. On
April 2, 1901, appellant brought an action for unlawful
detainer against his tenants, Drum & Morgart, for the pos-
session of the premises. A trial was had on June 25,
1901, in said action, and a verdict was rendered in favor
of plaintiff for restitution of the premises, and for $300
rent to July 1, 1901. Judgment was rendered on this
verdict on July 2, 1901. On June 26, 1901, six days
before the judgment was rendered in the lower court
in the unlawful detainer action, the appellant, who was
plaintiff in that action, sold and (by general warranty
deed) conveyed the real estate in question to his wife, as
her sole and separate property, expressing a consideration
of $5 and love and affection. After the habendum clause,
the deed recites as follows:

"It is understood that the above described real property is now the separate property of the said first party [George W. Carmack] and the intent, purpose and effect of this conveyance is and shall be to vest the same in the said second party [Marguerite Carmack] as her sole and separate property and free and clear of all right, title, interest and control of the said first party and of all community rights and interests whatsoever of the said parties hereto."

Drum & Morgart, after the entry of the judgment rendered on July 2, 1901, appealed therefrom to this court, and gave a statutory supersedeas bond for stay of proceedings pending the appeal. This bond was in the penal sum of $1,000, with the respondent in this action, the American Bonding & Trust Company, as surety, and was conditioned, among other things, to "pay all rents or damages to any property accruing during the pendency of the appeal out of the possession of which respondent shall be kept by reason of the appeal." By virtue of this bond, Drum & Morgart kept possession of the premises pending the appeal in that case. The judgment was affirmed on appeal (*Carmack v. Drum,* 28 Wash. 472, 67 Pac. 808) and a remittitur filed in the lower court on March 26, 1902. On April 7, 1902, after the filing of the remittitur, the defendants in this action paid into the registry of the trial court the amount of the judgment and costs as required by the remittitur from this court, and the appellant in this action drew the amount so paid, and acknowledged satisfaction of the judgment. Prior to the filing of the remittitur, and on the 18th day of March, 1902, Drum & Morgart voluntarily surrendered to appellant the possession of the premises, but refused to pay to appellant any rent therefor or damages thereto accruing during the pendency of the appeal, from July

1, 1901, to March 18, 1902. This action is upon the supersedeas bond on appeal above referred to, to collect the rents and damages to the property held by Drum & Morgart from July 1, 1901, to March 18, 1902.

Upon the trial of this case in the court below, after the appellant had introduced in evidence the deed from himself to his wife, conveying the property to her, he offered to show that, at the time of the conveyance to her, and as part consideration therefor, he and his wife had an oral agreement to the effect that appellant should retain possession of the property and the right to collect the rents thereof until January 1, 1903. This evidence was excluded by the trial court upon the ground that it contradicted and varied the terms of the written deed. The appellant, however, was permitted to testify, and did testify, in substance, that subsequent to the delivery of the deed he had such an agreement with his wife; but upon cross-examination he said that the agreement was made about the time the deed was executed, and was a part of the same transaction. Thereupon the court, on motion, struck out all of that evidence, basing this ruling upon the former one that it varied and contradicted the terms of the deed, which was the culmination of the contract between appellant and his wife. Appellant thereupon offered to prove by his wife, the grantee in the deed, that there was an oral agreement that appellant should have the rents.

Counsel for respondents argue that, since this is an action on the bond, and since the bond was given to protect the appellant, who was respondent in the action in which the bond was given, for rents or damages accruing during the pendency of the appeal, out of the possession of which the respondent was kept by reason of the

appeal, and since appellant had sold the property to a third party before the appeal was taken, therefore there was no liability upon the bond. It is said in the brief: "The respondents do not deny their relation of landlord and tenant to the appellant prior to the making of the said deed, but they do deny any such relation after the making and delivery of such deed, and further deny any liability on said bond to appellant." This position is clearly correct, where the appellant sells the property either before or after the appeal, and transfers possession or right of possession to another and retains no further interest therein, because, after transfer of possession or right thereof to another, the interest of the grantor would cease, and the tenants would no longer be his tenants, or liable to him for rents or damages, but would be liable to the purchaser subsequent to the transfer. Otherwise the tenants would become liable for double rent, which cannot be. The only question, therefore, in this case is, did the trial court err in excluding evidence of the right of appellant to collect the rent under an oral agreement made at the time of the deed. The answer to this question depends upon the right of appellant to show the real transaction between himself and his wife, even to the extent of varying or contradicting the terms of the deed executed to his wife. The rule is well settled that, as between the parties to a written contract, parol evidence cannot be received to contradict or vary the terms thereof. But this rule does not apply to persons not parties to the contract. The rule is stated as follows in 1 Greenleaf on Evidence (16th ed.), § 279:

"The rule under consideration is applied only (in suits) between the parties to the instrument; as they alone are to blame if the writing contains what was not intended, or omits that which it should have contained.

It cannot affect third persons, who, if it were otherwise, might be prejudiced by things recited in the writings, contrary to the truth, through the ignorance, carelessness, or fraud of the parties; and who, therefore, ought not to be precluded from proving the truth, however contradictory to the written statements of others."

In.21 Am. & Eng. Enc. Law (2d ed.), 1103, the rule is stated thus:

"The rule applies only to controversies between the parties or their representatives and privies, and to cases where the enforcement of the instrument is the gravamen or substantial cause of action. It has no application to strangers, for one not connected in any way with the agreement may show by parol what the real transaction was, even in a contest with one of the parties. And inasmuch as a stranger is not bound by the rule, even in a controversy with a party to the transaction, it follows that in a controversy with strangers to the instrument the parties to it are not themselves estopped to explain or contradict it by parol evidence."

To the same effect are the following authorities: 2 Parsons, Contracts (8th ed.), p. 672, *p. 556; Brown, Parol Evidence, § 28; *Darby v. Arrowhead, etc., Hotel Co.,* 97 Cal. 384 (32 Pac. 454 ); *Bank of California v. White,* 14 Nev. 373; *Strader v. Lambeth,* 7 B. Mon. 589; *Busch v. Pollock,* 41 Mich. 64 (1 N. W. 921).

Under this rule it seems clear that the appellant should have been permitted to show the real transaction between himself and his wife. These respondents were not parties to the deed. The character of the contract did not concern them so long as their rights were not interfered with. The appellant was at liberty to sell the property to another, and retain possession thereof and collect the rents, and under such a contract his former relation with the respondents as landlord would not be changed. They

would be liable to him for the rent so long as his right to collect it continued. The respondents were certainly liable to the appellant for the rent of the premises during the time of their tenancy while the appellant was entitled to receive it. The bond was expressly given as security therefor. It was not necessary that appellant, to be entitled to collect the rents, should be the legal owner of the fee. *Capital Brewing Co. v. Crosbie,* 22 Wash. 269 (60 Pac. 652).

If both the owner of the fee and the appellant, who had parted therewith, agree that the appellant was entitled to the rent, and that his relation to the respondents as landlord was not changed, no rights or liabilities of respondents were in any way changed, for under such circumstances, if the rent were paid to the appellant, his grantee could not again enforce payment thereof. The fact that the judgment in the unlawful detainer action was satisfied did not release the liability upon the bond. *Carmack v. Drum,* 28 Wash. 472 (68 Pac. 894).

For these reasons, we think the court erred in excluding the evidence offered. The judgment is therefore reversed, and the cause remanded for a new trial.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.

## ON PETITION FOR MODIFICATION.

PER CURIAM.—In this case, after the lower court had granted a nonsuit as to plaintiff's cause of action, the court proceeded to determine the merits of certain counterclaims pleaded by defendants, and the judgment thereon was adverse to defendants, respondents here. No appeal was taken from that portion of the judgment. The appeal was taken by the plaintiff from that part only of

the judgment wherein it was ordered that plaintiff take nothing by his complaint. The clause in the main opinion, "that the judgment is therefore reversed, and the cause remanded for a new trial," was intended to apply only to that part of the judgment which the plaintiff appealed from. We did not intend to reverse any part of the judgment not appealed from. The opinion is modified so as to read: The judgment is reversed, and the cause remanded to the lower court for a new trial, upon the cause of action stated in the complaint.