[No. 7877.   Department Two.   July 6, 1909.]

WALTER R. HINCKLEY *et al.*, *Respondents*, v. J. T. CASEY *et al.*, *Appellants*.[1]

APPEAL—SUPERSEDEAS BOND—CONDITIONS — ACTION FOR RENTS— LANDLORD AND TENANT. Under Bal. Code, § 5546, authorizing a stay of proceedings on appeal in forcible entry and detainer by a supersedeas bond conditioned "to pay all rents and other damages justly accruing," a supersedeas bond reciting that it is to secure such a stay and conditioned to pay all "damages and rents which the superior or supreme court shall adjudge reasonable for the possession of the property," entitles the obligee, on affirmance of the appeal, to recover, in an action on the bond, reasonable rents during the pendency of the appeal, without alleging that the court had adjudged anything therefor; since under Bal. Code, § 6523, the rent could not be ascertained without an issue and trial (RUDKIN, C. J., dissenting).

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 7, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action to recover upon an appeal bond. Affirmed.

*John T. Casey* (*Heber McHugh*, of counsel), for appellants, contended, *inter alia*, that an action would not lie on this bond until the court had adjudged the sum payable in

[1]Reported in 102 Pac. 1051.

conformity to the conditions of the bond. 5 Cyc. 813, 814. *Thompson v. State*, 4 Gill. (Md.) 163; *Davis v. Gully*, 19 N. C. 360; *Rives v. Baptiste*, 25 Ala. 382; *Cowles v. Garrett's Adm'rs*, 30 Ala. 341; *Gouverneur v. Tillotson*, 3 Edw. Ch. 348; *Heagney v. Hopkins*, 22 Misc. Rep. 549, 49 N. Y. Supp. 1018; *Rockfeller v. Donnelly*, 8 Cowen (N. Y.) 623; *Jones v. United States*, 96 U. S. 24, 24 L. Ed. 644; Addison, Contracts (6th ed.), 925; *People v. Stuart*, 97 Ill. 123; *Noble v. Bowman*, 35 Kan. 15, 10 Pac. 143; *Weed Sewing Machine Co. v. Philbrick*, 70 Mo. 646; *Storseth v. Folsom*, 45 Wash. 374, 88 Pac. 632.

*Fred H. Peterson* and *Philip D. Macbride*, for respondents.

PARKER, J.—The principal question in this case arises upon the demurrer to plaintiffs' complaint, which was by the court overruled. The allegations of the complaint, omitting formal parts, are as follows:

"That on or about June 1, 1906, said T. D. Hinckley, deceased, and wife, commenced an action in the above entitled court against said J. T. Casey and T. J. Casey to recover possession of certain office rooms, to wit: rooms 412 and 413 in the Hinckley block, in the City of Seattle, and that a trial was had in said action, and a verdict rendered by a jury on October 31, 1906. That thereafter judgment was duly entered on November 17, 1906, upon said verdict and that said defendants J. T. Casey, T. J. Casey, appealed from said judgment, and as a stay bond pending said appeal said J. T. Casey and T. J. Casey, as principals and P. H. Casey and A. P. Casey as sureties executed a bond conditioned among other things that they would pay all costs, damages and rents which said Supreme Court or said Superior Court should adjudge reasonable for the possession of said rooms during the determination of said appeal. That a copy of said bond is hereto attached and made a part hereof, marked exhibit A.

"That pending said appeal said defendants J. T. Casey and T. J. Casey continued in the actual possession of said rooms until March 15, 1907. That the actual rental value of

said rooms from October 31, 1906 to March 15, 1907, was at the rate of $50 per month, being in all the sum of $275.

"That demand was made upon said defendants to pay the aforesaid sum, but that payment has been refused.

"Wherefore plaintiffs demand judgment against said defendants and each of them in the sum of $275, and for costs and disbursements herein, and that said judgment so recovered be doubled in accordance with the statute in such cases made and provided; and for such other and further order as may be proper herein."

The bond, which is attached to the complaint as exhibit "A," contains the following recitals and conditions, among others:

"The condition of this obligation is such that whereas, . . . and the defendants desire a stay of execution on said judgment and each and every part thereof so that they may retain possession of said rooms.

"Now therefore if the said principals J. T. Casey and T. J. Casey shall pay . . . and shall pay all costs, damages and rents which said Supreme Court or said Superior Court shall adjudge reasonable for the possession of said rooms during the determination of said appeal, then this obligation to be void; otherwise to remain in full force and effect."

It is contended by appellants that this complaint does not state a cause of action, in that it does not allege there was any order or adjudication of the supreme or superior courts fixing the reasonable amount of the rent appellants should pay pending the appeal, and that until such reasonable amount is so fixed, the failure to pay such rent is not a breach of the conditions of the bond. If this bond had been given independent of the appeal statute, and had not been intended as a supersedeas bond to stay execution and secure rent pending the appeal, there might be some merit in counsel's contention. It is true that the language of the conditions in the bond is somewhat different from the conditions of the stay bond provided by the statute, which reads:

"That, if the defendant appealing desires a stay of proceedings pending such appeal, he shall execute and file a

bond, . . . conditioned to abide the order of the court on such appeal, and to pay all rents and other damages justly accruing to the plaintiff during the pendency of the appeal." Pierce's Code, § 1189 (Bal. Code, § 5546).

But when the recital in the body of the bond, showing plainly the intent and purposes for which it was given, is read in connection with the language of its condition, we think it becomes plain that both the principal and sureties intended to, and did thereby, assume the same liability, enforcible against them in the same manner, as if the conditions had been stated therein in the exact language of the statute. Appellants' counsel seem to assume that no rent would be collectible upon the bond unless determined by the court upon the appeal, and none having been so determined upon the appeal, it is contended that therefore none is collectible. But by reference to § 1071 of Pierce's Code (Bal. Code § 6523), relating to judgments upon appeal and supersedeas bonds, it will be readily seen that this rent is not such amount as can be ascertained by the court without an issue and trial. It is in no sense a part of the judgment appealed from, but is a separate and independent debt, the amount of which could not be determined from the record before the court. Indeed, we are unable to see how the question of the amount of the rent pending appeal could be submitted to the court in any other manner than by an ordinary civil action. *Northwestern etc. Bank v. Griffitts*, 18 Wash. 69, 50 Pac. 591; *Carmack v. Drum*, 28 Wash. 472, 68 Pac. 894. So it seems to us that plaintiffs complaint is sufficient as against this contention, and that they had the right to maintain this action to enforce their rights under this bond the same as if its conditions had been in the exact words of the statute.

We are of the opinion that other claims of error arising upon the trial are without merit and are not such as to require our discussion.

The judgment of the superior court is affirmed.

DUNBAR, MOUNT, and CROW, JJ., concur.

RUDKIN, C. J. (dissenting)—I dissent.   The obligation of the sureties was fixed by their contract and not by the statute.  If the supersedeas bond did not conform to the statute the respondents should have moved against it in the former action, rather than ask the court to change its provisions in this action.