**In the Matter of WEST MICHIGAN DISTRIBUTING CO., Bankrupt.**

**No. 27698.**

United States District Court
W. D. Michigan, S. D.

May 29, 1967.

**524**

Murray B. Degroot, Grand Rapids, Mich., for trustee.

Wheeler, Upham, Bryant & Uhl, Grand Rapids, Mich., Richard Bryant, Grand Rapids, Mich., of counsel, for Monical Leasing Co. and Monical Machinery Co.

Stephen A. Bryant, Grand Rapids, Mich., for Union Bank & Trust Co.

FOX, District Judge.

This matter involves a petition for review of a bankruptcy order denying the Trustee's claim that a lease agreement between the bankrupt and Monical Leasing Company was in reality a conditional sales contract.

The principal issue for our consideration is whether parol evidence is admissible to vary the terms of the lease agreement. The Referee held that such evidence was not admissible.

The Trustee contends that the parol evidence rule is binding only on the parties to a writing and that a stranger to a writing may introduce parol evidence to vary its terms.

Although there are many cases which apparently support the Trustee's position, as Wigmore observes, the "stranger theory" should not be applied when oral testimony would contradict or modify the legal effect and purpose of a written agreement. Wigmore states:

> "§ 2446. Rule binding upon the Parties to the Document only. It is commonly said that the Parol Evidence rule, in the present aspect, is *binding upon only those persons who are parties to the document*. This form of statement suffices in most instances to reach correct results; but it is not sound on principle.
>
> "The theory of the rule is that the parties have determined that a particular document shall be made the sole embodiment of *their* legal act for certain legal purposes (*ante*, § 2425). Hence, so far as that effect and those purposes are concerned, they must be found in that writing and nowhere else, no matter who may desire to avail himself of it. But so far as other effects and purposes are concerned, the writing has not superseded their other conduct, nor other persons' conduct, and it may still be resorted to for any other purpose for which it is material, either by other persons or by themselves.

> \*    \*    \*    \*    \*    \*

> "The truth seems to be, then, that the rule will still apply to exclude extrinsic utterances, even as against other parties, provided it is sought to use utterances *for the very purpose for which the writing has superseded them as the legal act.* \* \* \*"

The three Michigan cases which have applied the "stranger theory" are distinguishable from the instant case. Highstone v. Burdette, 61 Mich. 54, 27 N.W. 852 (1886), involved fraud, and Busch v. Pollock, 41 Mich. 64, 1 N.W. 921 (1879), concerned the question whether a deed, absolute on its face, was in fact security for an advance payment made by the defendants on behalf of the plaintiff. In cases such as these, parol evidence has generally been admissible even as between the parties.

See IX Wigmore, Sections 2437 and 2439.

In Sewall v. Feller, 288 Mich. 107, 284 N.W. 662 (1939), oral testimony establishing that the defendant had agreed not to compete with the plaintiff was admitted over an objection by the defendant.

In holding that it was admissible, the court observed that the bill of sale between plaintiff and the defendant's former corporation could not have included an agreement to restrain the defendant from competing, since the corporation was dissolved contemporaneously with the sale. As the bill of sale dealt only with transfer of ownership, the testimony was clearly admissible to establish that in addition to the contract between plaintiff and defendant's former corporation there was also a collateral agreement between the plaintiff and the defendant.

Finally, even if the testimony were admissible, the Referee's conclusion that it was not sufficient to prove that the lease agreement was a conditional sales agreement, was not clearly erroneous.

We affirm the decision of the Referee and adopt the findings of fact and conclusions of law set forth in his report.