WILLIAM R. LOWE, executor of WILLIAM H. LOWE, deceased, and others, plaintiffs in error, vs. NANCY CODY, by her next friend, LEWIS HILL, defendant in error.

The wife has an equity to a settlement out of her share in her father's estate, until her husband's marital right has attached to that share.

In Equity, in Taylor Superior Court. Decision on demurrer, by Judge WORRILL, at April adjourned Term, 1859.

This was a bill filed by Nancy Cody, by her next friend, Lewis Hill, against Elias Cody, Freeman Walker, and Law-

rence Walker, executors of Persons Walker, deceased, William R. Lowe, executor of William H. Lowe, deceased, Benjamin Cody, Thomas Carroll, and Lucius Q. C. M'Crary, Sheriff of Taylor County.

The bill states that Persons Walker, the father of Mrs. Cody, departed this life in the year 1854, leaving a will, (a copy of which is annexed and referred to,) in and by which Freeman Walker and Lawrence Walker, and Allen F. Owen were appointed executors; that said will was duly admitted to probate, and Freeman and Lawrence Walker qualified as executors, and received letters testamentary, Owen having renounced; that the executors took possession and control of the whole estate of testator, had the same inventoried and appraised, and kept the personal property together as directed by said will; that sometime during the year 1855, the executors sold all the lands belonging to said estate, except that devised to Mrs. Hannah Walker, and took notes from the purchasers for the purchase money, as they supposed was directed by the will; that in December, 1855, George W. Walker, one of the children of testator and legatee, became of age, and the executors sold the perishable property of testator, and also took notes for the purchase money; that the executors, all the legatees being of age and present, proceeded to make a division of said estate, and to pay out the same to the legatees, agreeably to and in pursuance of what they conceived to be the dispositions and provisions of said will; that in this division was included the notes held for the land and perishable property sold, as before stated; that the executors paid over to Elias Cody, the husband of complainant, and who had before that time been appointed her trustee, the sum of $2,000, which amount was the share coming to complainant from the sale of said property, and which sum her said husband received from the executors, as the trustee of complainant; that with this $2,000 thus received by her husband, he purchased a lot of land, two horses, a two-horse wagon, forty head of hogs, seven goats, and a bu-

reau, which property complainant has been in the possession and use of since it was bought, and, with her husband and children, resides on said land, cultivating the same.   The bill further states, upon a case recently coming up to the Supreme Court of Georgia, involving a construction of the will of said Persons Walker, said Court held and determined that he died intestate as to his land and perishable property, and that the executors should account for and pay over to the the heirs at law of deceased the money arising from the sale of said property.   Said Court further held that the same was held by the executors as trustees for the heirs at law; that complainant, therefore, proposed to receive, as from said executors, the land and other property, purchased with the money paid by them to her husband, as her trustee as aforesaid, as her distributive share of said lands and perishable property, and prays that the same be settled upon her and her children, not subject to the debts of her present or any future husband.   The bill further states that complainant's husband, the said Elias Cody, is utterly insolvent, and that said property has been levied on by the Sheriff of said county, by virtue of executions against her husband, and that they are attempting, and intend to sell said property to satisfy said *fi. fas.*   The bill prays that said executors be enjoined as to said property.

It was further alleged, by amendment, that no provision, by settlement or otherwise, has been made for complainant and her eight children, and that the value of said property, together with the negroes given to her by her father's will, did not exceed $3,000.

To this bill defendants filed a general demurrer, for want of equity.   The case was heard upon the demurrer, and after argument, the Court overruled the same, and defendants except and assign said decision as error.

GRICE & WALLACE, for plaintiffs in error.

W. W. CORBETT, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court right in overruling the demurrer to the bill? We think so.

It is plain that there was equity in the bill, if the marital right of Elias Cody, the husband of the complainant, Mrs. Cody, had not attached to the property turned over to him by the executors of her father's will. And his marital right had not attached to the property for one, if not for two reasons; first, he received the property not as his own, but as trustee for his wife, and, in that character, he gave to the executors a receipt for the property. This was really a renunciation, or waiver, of his marital right, as to the property; consequently, it prevented that right from attaching to the property. Secondly, the executors had no right to turn over the property, *under the will,* as the will did not dispose of it; consequently, it was not property to which the marital right could attach, but was property which, having been turned over by the executors, through mistake of the meaning of the will, they had the right to take back, to distribute under the statute of distributions. This, perhaps, is as good a reason as the first.

For one or both of these causes, the marital right of Cody had not attached to this property.

Consequently, there was equity in the bill.

Judgment affirmed.

Judge STEPHENS did not preside in this case, being detained at home by the illness of one of his children.