[No. 7313.   Decided January 25, 1909.]

F. M. BROWN, JUNIOR, *et al., Appellants*, v. L. B. WISNER, *Respondent.*[1]

BROKERS—ACTION FOR COMMISSIONS — PLEADINGS — ISSUES AND PROOF—GENERAL DENIAL.  In an action to recover a broker's commissions on an alleged contract of sale, the defendant may, under a general denial, offer evidence to show that the contract actually made was one other than that pleaded in the complaint.

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—BROKERS — CONTRACT OR OPTION.  In an action to recover a broker's commissions, oral evidence is admissible to show that a written contract of sale for $92,000 on which but $100 was paid was intended by the parties as an option only, since the rule excluding oral evidence to vary the terms of a writing does not apply except as between the parties to the contract.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 7, 1907, upon the verdict of a jury rendered in favor of the defendant, in an action on contract.   Affirmed.

*Edward Judd* and *Keenan & Hardinger*, for appellants.

*J. J. McCafferty* and *James A. Haight*, for respondent.

CROW, J.—This action was commenced by F. M. Brown, Jr., and R. H. Brown, copartners, against Mrs. L. B. Wisner, to recover a broker's commission for the sale of personal property.   A jury trial resulted in a verdict for the defendant, and from the final judgment entered thereon, the plaintiffs have appealed.

The evidence shows that the appellants were employed by the respondent, by written contract, to sell an unexpired lease on the Stander hotel in the city of Seattle, together with the furniture, supplies, hotel business, and good will; that they introduced to respondent, one F. J. Richards, as a prospective purchaser; that negotiations were conducted with the result

[1]Reported in 99 Pac. 581.

that, on the evening of September 26, 1906, the appellant F. M. Brown, Jr., the respondent, L. B. Wisner, F. J. Richards, and an attorney who officed with appellants, met in their office; that the attorney, whose presence had been requested by the appellants, prepared a written contract which stated that L. B. Wisner, the party of the first part, sold to F. J. Richards, the party of the second part, the lease with about nine years yet to run, the furniture, the hotel business, and the good will, for which Richards agreed to pay $91,200, as follows:

"One hundred dollars, upon the signing of this agreement, one thousand dollars 20 days after the date of this contract, fifteen thousand dollars within forty days at the time the possession and title to said property is to be transferred to second party by first party, thirty-five thousand dollars to be paid in monthly installments of two thousand dollars each, and the first of said installments to be due and payable one month after the delivery of possession to second party, and $2,000 to be due and payable each 30 days thereafter until the full amount of $35,000 has been paid, said above deferred payments to draw interest at 8 per cent from delivery of possession of said above described property, until fully paid. Said second party is also to pay to first party the sum of four hundred dollars per month for the unexpired portion of the lease of said hotel building now held by first party, the first payment of $400 to be made one month after the delivery of possession of said property by first party to second party, and $400 to be paid each month thereafter during the continuance of said lease, said payments of $400 to be without interest."

The written agreement, after other stipulations not material to this opinion, further provided:

"Time is of the essence of this contract and in case said second party should fail to make payment of the sum of $1,000 and $15,000 at the times herein specified, then any payments made by said second party shall be forfeited to the party of the first part and any and all rights under this contract shall be null and void at the option of the party of the first part."

It was further shown that the written agreement was executed and delivered, that Richards paid respondent $100 cash, that he immediately left for his home in Lincoln, Nebraska, that the $1,000 payment was not made when due, and that the matter of completing the sale and transfer was then dropped by both parties.

The appellants, claiming that the written contract evidenced a completed sale, commenced this action on January 3, 1907, to recover the sum of $2,530, as commission for their services. On the trial the respondent introduced her own evidence and that of Richards, to the effect that neither of them intended or understood the written agreement to be an absolute contract of sale; that they did not intend to make any contract other than one for an option; that by the payment of $100 Richards obtained such option for twenty days, the same to be extended for twenty additional days upon the payment of $1,000, and that the sale was not to become absolute until the third payment of $15,000, at which time the title was to be transferred. To the introduction of this evidence the appellants objected, contending that the written instrument was a valid contract for an absolute sale which could be enforced in an action for specific performance, or in an action at law for damages, and that the parol evidence offered was inadmissible as it tended to vary the terms of such written agreement.

The appellants' controlling assignment of error is based upon the admission of this evidence. If the ruling of the trial court be upheld in this regard, there can then be no merit in any of the other assignments of error presented, the admission of this evidence being the vital question in the case. Our conclusion is that the evidence was properly admitted.

The appellants in their complaint allege:

"That on or about the 26th day of September, 1906, the plaintiffs procured and induced one F. J. Richards to purchase said above described hotel furniture, fixtures, supplies, equipment, lease and good will for the agreed price of $91,200 and

that said contract was reduced to writing and signed by the said defendant and the said F. J. Richards."

The answer consisted of denials only, and the appellants now contend that, having failed to plead any affirmative defense, the respondent was not entitled to show that the contract actually made and entered into by the parties was simply an option. The denials of the answer put in issue the affirmative allegations of the complaint. It is a well-recognized rule of pleading and proof that under a general denial a defendant may offer evidence to show that the contract actually made was another than that pleaded in the complaint. *Puget Sound Iron Co. v. Worthington,* 2 Wash. Ter. 472, 7 Pac. 882, 886; *Armstrong v. Musser Lumber & Mfg. Co.,* 43 Wash. 584, 86 Pac. 944. The written instrument which the appellants offered in evidence tended to show that the contract actually made and intended by Mrs. Wisner and Mr. Richards was the one pleaded by appellants. If, however, Mrs. Wisner and Richards intended to and did in fact mutually agree upon an option, the respondent was entitled to show that fact in support of her denial of the contract pleaded in the complaint.

The appellants further contend that the parol evidence was not admissible to vary the terms of the written contract, which they insist was not ambiguous, but upon its face disclosed an absolute sale. The evidence shows that the only attorney who was present at any time during the negotiations was the one who occupied the same office with the appellants; that he was present at their request; that he represented neither the respondent, Mrs. Wisner, nor the proposed vendee, Mr. Richards; that neither of them was at any time so represented; that he drew the written contract from memoranda furnished by Mr. Richards; that Mrs. Wisner was not familiar with legal instruments; that Richards was a nonresident of the state of Washington, who contemplated going into the hotel business in the city of Seattle; that Mrs. Wisner and Mr. Richards mutually understood that she was selling and that he was

purchasing an option; that the $100 cash payment made at the time constituted no part of the $91,200 proposed purchase price, which was to be paid in installments in the event that Richards afterwards determined to take the property and complete his purchase; that he failed to make any further payments, being disappointed in some of his financial plans; that thereupon the optionor and the optionee mutually regarded the transaction as at an end; that they were then without further liability the one to the other; and that, if the written instrument did not itself amount to a mere option, the attorney who drew it did not correctly state the actual intended and mutual agreement of the parties. If these statements made by Mrs. Wisner and Mr. Richards, and in which they agree, were true, no completed sale was made. Their evidence was competent as tending to prove that fact. The rule of excluding parol evidence offered to vary the terms of a written contract applies only to controversies between parties to the contract or their successors in interest. 17 Cyc. 749, 750, and cases cited; *Carmack v. Drum*, 32 Wash. 236, 73 Pac. 377, 785.

The question whether the respondent and Richards mutually agreed upon an actual sale as indicated by the written contract, or upon an option only as they both testified, was submitted to the jury by proper instructions which correctly stated the law. The verdict returned necessarily shows that the jury found the agreement actually made was for an option. This being true, no sale was made or completed and the appellants cannot recover.

The principles above discussed we regard as resolving all issues of this case in favor of the respondent. The trial court committed no prejudicial error. The judgment is affirmed.

RUDKIN, C. J., MOUNT, FULLERTON, and DUNBAR, JJ., concur.

CHADWICK and GOSE, JJ., took no part.