Argued July 26, decided August 9, 1910.

## SMITH v. FARMERS & MERCHANTS NAT. BANK.

[110 Pac. 410.]

EVIDENCE—WRITTEN CONTRACT—PAROL EVIDENCE—THIRD PARTIES.

1. Section 704, B. & C. Comp., providing that there can be between the parties and their representatives or successors in interest no evidence of the terms of an agreement other than the contents of the writing, does not apply in controversies between third persons, and any of the parties to the contract in which contest parol evidence as to the real terms of the agreement is admissible.

HUSBAND AND WIFE—PERSONAL PROPERTY OF WIFE.

2. The personal property of a wife belonged to the husband at common law only after he had reduced it to his possession.

HUSBAND AND WIFE—PERSONAL PROPERTY OF WIFE—MARITAL RIGHTS —WAIVER BY HUSBAND.

3. A husband may waive his marital rights in the property of his wife, either by express declaration or by conduct justifying an inference that a waiver was intended, such as recognition by him that the property belongs solely to the wife, etc.

HUSBAND AND WIFE—PROPERTY OF WIFE—SUBJECTION TO HUSBAND'S DEBTS.

4. Where real property purchased in the name of a husband was paid for with the separate money and earnings of the wife and later conveyed to her on the theory that the original conveyance to the husband was a mistake, it was not subject to levy for payment of the husband's debts.

EXECUTION—SALE—CREDITOR AS PURCHASER.

5. Section 205, B. & C. Comp., provides that a judgment shall be a lien from the date of docketing upon the real property of the defendant. Section 302, relating to the levy of an attachment, made applicable to executions by Section 283, provides that from the date of an attachment plaintiff, as against third persons, shall be deemed a purchaser in good faith and for a valuable consideration. *Held,* that the lien of a judgment only attaches to real property of the defendant, and only applies to his actual interest in the property; and hence under Sections 283 and 302 the execution levy places the judgment creditor in the position of a

*bona fide* purchaser for value only in case the levy is made without notice of an outstanding equity or title; the creditor being chargeable with notice of all the equities appearing of record.

From Multnomah:  JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit to enjoin the sale upon execution of lot 3, in block 27, Hanson's addition to East Portland, and the contention arises upon the following facts:

On February 3, 1886, C. J. Smith, the husband of plaintiff, and W. T. Jones, became indebted to the defendant bank in the state of Nebraska upon a promissory note in the sum of $2,000.  About the year 1890 plaintiff and her husband moved to Oregon, and on April 10, 1893, the defendant bank recovered judgment against C. J. Smith upon said note in the circuit court of the State of Oregon for Multnomah County, which judgment was entered upon the judgment docket of that court on June 24, 1893. On June 15, 1902, plaintiff entered into a contract with J. C. Roberts for the purchase of said lot for the price of $1,250, and at that time paid $100 in cash.  The balance of the purchase price was to be paid in monthly installments of $15 each, the sale being evidenced by writing signed by plaintiff and C. J. Smith, and J. C. Roberts and wife, which recited that the sale was to plaintiff and C. J. Smith and that the property was to be conveyed to C. J. Smith upon full payment of the price.  Plaintiff contends that it was without her knowledge or consent that the writing provided for conveyance to C. J. Smith; that the purchase was for herself and the deed was to be made to her.  On April 1, 1907, a conveyance of the property was made to C. J. Smith, which was recorded on April 7, 1907, and plaintiff alleges that it was without her knowledge or consent that the deed was to be made to C. J. Smith, and that she did not learn that it was so made until about April 17, 1907, when she secured a conveyance of the lot by C. J. Smith to herself, which was duly

recorded in Multnomah County on that day. Thereafter, on February 25, 1908, defendant bank procured an execution to issue on said judgment and to be levied upon said lot 3, as the property of C. J. Smith, and thereafter this suit was commenced to enjoin the sale thereof. Decree was rendered by the trial court in favor of plaintiff, and defendants appeal.                     AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. S. H. Gruber.*

For respondent there was a brief over the names of *Mr. John D. McFadden* and *Mr. John Ditchburn,* with an oral argument by *Mr. Ditchburn.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Plaintiff, to maintain her right to the property, contends that she purchased it for herself, and paid the $100 cash payment thereon. In the reply she alleges that the "said money was her own personal money; that thereafter the said property was bought and paid for on the installment plan, by this plaintiff, at the rate of $15 per month; that plaintiff had remaining $500 of the money received and inherited from her deceased father's estate, and paid the same on said property; that each and every one of the installments paid upon said property was the savings and earnings of this plaintiff through her services and labor as housekeeper for her grown son, daughter and husband." Defendant contends that the written contract of sale is a sale to C. J. Smith and not to plaintiff, and cannot be disputed by oral proof. Section 704, B. & C. Comp., provides that "there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing." But in the case before us the controversy is not between the parties to the agreement, and therefore that section has no application. In *Pacific Bis-*

*cuit Co.* v. *Dugger,* 42 Or. 513, 516 (70 Pac. 523, 525), Mr. Chief Justice MOORE says:

"The rule that an instrument in writing cannot be contradicted or varied by parol evidence applies only between the parties and their privies, and cannot be invoked in controversies between third parties and any of the parties to the contract." *Carmack* v. *Drum,* 32 Wash. 237 (73 Pac. 377, 785) ; *Brown* v. *Wisner,* 51 Wash. 509 (99 Pac. 581) ; *Greve* v. *Echo Oil Co.,* 8 Cal. App. 275 (96 Pac. 904.)

And, although the writing may be admissible in evidence against plaintiff, it does not preclude oral evidence as to the real terms of the agreement. From the testimony of Mrs. Dunne, R. H. Dunne, J. C. Roberts, as well as plaintiff herself, it is clearly established that the contract of purchase was made by plaintiff for herself. It also appears from the evidence that the writing by inadvertence and mistake was made to recite that the conveyance was to be made to C. J. Smith, instead of to plaintiff, as intended by the parties thereto.

2. It is also urged by defendant that by reason of the allegation of the reply above quoted, plaintiff admits that the $500 received by her from her father's estate in Ohio was applied in payment on the price of the lot, and that she is now bound thereby; and, there being no proof of the Ohio statute, it must be presumed that the common law, as to marital property rights, was in force in that state, and the said $500 thereby became the property of the husband, and therefore the lot was not paid for by the wife's money alone. As a general rule at common law the wife's choses in action, acquired by the wife during coverture, belong to the husband, but the title thereto only vests in him when he has reduced them to possession; and whether he has taken such possession as will operate to work a change of ownership is a question of intention as disclosed by the circumstances.

3. The husband may waive his marital rights in the property of his wife either by express declaration or it may be inferred from his conduct, such as the recognition by him that the property belongs solely to his wife, or, if money, it may be evidenced by his borrowing it: 21 Cyc. 1160, 1161; 15 Am. & Eng. Enc. Law (2 ed.) 825, 826; *Machen's Executor* v. *Machen,* 38 Ala. 364; *Lowe, Ex'r,* v. *Cody,* 29 Ga. 117; *Perry* v. *Wheelock,* 49 Vt. 63; *Syracuse Chilled Plow Co.* v. *Wing,* 85 N. Y. 421; *Clark* v. *Clark,* 86 Mo. 114; *Marston* v. *Carter & Trustee,* 12 N. H. 159; *Gochenaur's Estate,* 23 Pa. 460; *Moyer's Appeal,* 77 Pa. 482. In this case there is nothing to indicate that he ever intended to or did reduce the money to his possession in his right as husband. It was recognized by both husband and wife as her separate property from the time she received it. Furthermore, the allegations of the reply are equally positive that each and every payment was made from the savings and earnings of plaintiff, and establish plaintiff's case upon that question.

4. It is contended further by defendant that, as the legal title to the lot was in C. J. Smith at one time for a few days, therefore the lien of the judgment attached thereto and is now enforceable by execution under Section 205, B. & C. Comp. By this section a judgment, duly docketed, shall be a lien from the date of docketing upon the real property of the defendant within the county. The effect of this section must not be confounded with Section 302, B. & C. Comp., relating to the effect of the levy of a writ of attachment (made applicable to the levy of an execution by Section 283), which provides that from the date of the attachment the plaintiff, as against third parties, shall be deemed a purchaser in good faith and for a valuable consideration of the property. The effect of the lien of a judgment is not the same as the levy of the writ of attachment. The former only attaches to the real property of the defendant, and this court has in several

cases held that this only applies to the actual interest defendant has in the property and will not cut off an outstanding equity. If he holds the naked title only, without any real interest therein, then the lien will not attach. It is said by Mr. Justice BEAN in *Meier* v. *Kelly,* 22 Or. 136, 140 (29 Pac. 265, 267) :

"A judgment lien creditor until the levy of an execution issued thereon can in no sense, either as a fact or by statute in this State, stand in the position of an innocent purchaser for value. His lien is a mere gratuity, conferred by law, for which he pays nothing, and only confers the right to levy upon the land to the exclusion of other adverse interests acquired subsequently to the judgment. * * The apparent interest of a debtor can neither extend nor restrict the operation of the lien so that it shall encumber any greater or less interest than the debtor in fact possesses."

In *Dimmick* v. *Rosenfeld,* 34 Or. 101, 103 (55 Pac. 100, 101), which is a parallel case to the one under consideration, in which the title was conveyed to Drake, the husband, though it was the wife's purchase, and by him to the wife, Mr. Chief Justice BEAN says:

"He had no interest whatever in the property, but was a mere conduit, through which the legal title passed from Beatty to his wife, the real purchaser and owner. Under these circumstances, the authorities are quite uniform that a judgment against him would not become a lien upon the land."

Therefore the docketing of the judgment against C. J. Smith did not create a lien upon this lot. Black, Judgments, § 420; *Snyder* v. *Martin,* 17 W. Va. 276 (41 Am. Rep. 670) ; *Koons* v. *Mellett,* 121 Ind. 585 (23 N. E. 95: 7 L. R. A. 231.)

5. The effect of Sections 283, 302, B. & C. Comp., is that a levy under execution upon property will place the judgment creditor in the position of a *bona fide* purchaser for value. But the levy must be made without notice on the part of the judgment creditor of an equity or outstand-

ing title.   He will be in no better position than a purchaser under the same circumstances.   Therefore those sections do not aid defendant, because the levy was made with full notice of plaintiff's title, her deed being on record:   *Meier* v. *Hess,* 23 Or. 599 (32 Pac. 755) ; *Dimmick* v. *Rosenfeld,* 34 Or. 101, 105 (55 Pac. 100) ; *Osgood* v. *Osgood,* 35 Or. 1 (56 Pac. 1017) ; *Security Trust Co.* v. *Loewenberg,* 38 Or. 159, 170 (62 Pac. 647.)   Therefore defendant has no lien upon the property either by virtue of the judgment, or the levy of the execution.

The decree is affirmed.            AFFIRMED.