'APPLE, RESPONDENT, *v.* HENRY, APPELLANT.

(No. 5,023.)

(Submitted January 29, 1923. Decided February 24, 1923.)

[213 Pac. 444.]

*Real Estate Brokers—Sale or Exchange of Lands—When Entitled to Commissions.*

Real Estate Brokers—Exchange of Lands—Commissions.
  1.  Where a real estate broker was employed to effect either a sale or an exchange of lands, the contract fixing one price for the lands for exchange and a different one for sale purposes, and plaintiff was instrumental in bringing about an exchange, he was entitled to his commission on that basis as against the contention that the contract contemplated a sale and that plaintiff had failed to prove a sale.

Same—When Entitled to Commissions.
  2.  If a broker finds and introduces to his principal a person who is ready, able and willing to purchase or exchange upon terms acceptable to the principal, the broker is entitled to his commission even though the final contract between the owner and the purchaser was made without the presence or knowledge of the broker and upon terms different from those submitted to him, provided the sale or exchange resulted from the means and efforts employed by him.

Same.
  3.  Where a land owner sought out plaintiff broker's client, took advantage of his introduction to him by the broker, employed the latter's office as the place of carrying on negotiations for the transfer of his land to such person, profiting by the discussion of the terms with the broker and by the information furnished him by the broker concerning the character and value of the lands for which his property was finally exchanged, he was liable for the commission which he had agreed to pay in case of an exchange.

*Appeal from District Court, Fergus County; Rudolph Von Tobel, Judge.*

ACTION by N. M. Apple against Frank R. Henry. From a judgment for plaintiff, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Wm. M. Blackford,* for Appellant.

The agreement entered into between appellant and the proposed purchasers, was not a sale, but only an agreement to sell. (*Wright Land & Investment Co.* v. *Even et al.*, 57 Mont. 1, 186 Pac. 681; *Ide* v. *Leiser,* 10 Mont. 5, 24 Am. St. Rep. 17, 24 Pac. 695.) The judgment of the court is based upon a sale and not upon an agreement to sell. Let us for a moment examine the listing agreement upon which respondent's action to recover a commission is based. Appellant agreed to pay a commission of two and one-half per cent on the exchange price in case respondent or his agent submitted something for exchange and on which appellant agreed to make an exchange; or, in case respondent made sale of appellant's lands within ninety days he was to have all over the sale price of $80.00 per acre he received, as a commission for his services. If respondent has failed to bring himself within the terms of this listing agreement he is not entitled to recover. His right to recover must be predicated on the express terms of this writing. (*Ludeman* v. *English,* 78 Okl. 177, 189 Pac. 531.)

The stipulations in the listing agreement will govern, and the fulfillment of the prescribed conditions is essential to respondent's right to compensation. (*Wright Land & Investment Co.* v. *Even, supra; Murphy* v. *W. & W. Livestock Co.* (Wyo.), 189 Pac. 857.) The listing agreement is a printed form of respondent's own making and any uncertainty in its terms will be construed most strongly against him. (*Wright Land & Investment Co.* v. *Even, supra.*)

The listing agreement signed and delivered by appellant and accepted by respondent undoubtedly contemplated an executed sale either by payment of the purchase price of appellant's lands with other lands taken in exchange, or payment in money. Neither of these things was accomplished in the instant case.

*Mr. Oscar O. Mueller,* for Respondent.

This court has in accordance with the great weight of authorities held that the primary duty of the broker consisted in bringing the minds of the vendor and vendee to an agreement. (*Laux* v. *Hogl,* 45 Mont. 445, 123 Pac. 949.) The facts in this case clearly show that the respondent assisted in every way possible by every effort in his power to bring about the trade or exchange which was finally consummated through his efforts though the actual contract signed and entered into was made secretly for the purpose of evading the payment of the commission and therefore the judgment should be affirmed.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by plaintiff, a real estate broker in Lewistown, to recover commission at the rate of two and one-half per cent on $39,600. He prevailed in the lower court, and defendant appealed from the judgment.

On February 25, 1919, plaintiff was employed by defendant to effect a sale or exchange of his property, consisting of 920 acres of improved agricultural land in Fergus county. The contract of employment, after describing the property somewhat minutely, proceeds: "Exchange price, $90 per acre. Sale price, $80; cash payment, $10,000. Balance, $10,000 fall of 1919—bal. 5 or 6 payments. I agree to pay N. M. Apple, at Lewistown, Montana, for services rendered, a commission of 2½ per cent on the exchange price, in case he or his agent submits something for exchange on same, and on which I later agree to make an exchange. Said commission is due at time title to such property is tendered me according to said agreement of such exchange. In case you make sale within 90 days, will allow you all over above sale price you receive as commission."

Prior to the time when defendant listed his property with plaintiff, one Thomas Anderson, a resident of the state of Washington, had been negotiating with plaintiff for Fergus

county property. Anderson owned 160 acres of land near Bellingham, which he desired to include as the whole or part of the consideration for any Montana property which he might acquire. Plaintiff had exhibited to Anderson several parcels of land in Fergus county, but without reaching any agreement with him. In March, 1919, Anderson came to Lewistown during a temporary absence of plaintiff from his office, and was about to return to his Washington home, but, after telegraphic communication with plaintiff, consented to remain in Lewistown until plaintiff's return there on March 22d. While in Lewistown, Anderson apparently spent much of his time in plaintiff's office. Defendant, having learned of Anderson's presence and purpose, called at plaintiff's office about March 22d, and there was introduced to Anderson by one of plaintiff's employees. Defendant and Anderson examined defendant's property, but an agreement was not made, and they returned to Lewistown. Anderson was unwilling to take over all of defendant's property, and on the day following, Anderson, plaintiff and defendant met in plaintiff's office and continued the negotiations. Plaintiff had visited the Anderson property in Washington, assumed to know its condition, and at the solicitation of defendant gave his estimate of the relative values of the Anderson and Henry lands. The negotiations continued until a tentative agreement was reached for an exchange of 440 acres of the Henry land for the 160 acres of Anderson's land and other considerations. Defendant inquired of plaintiff whether the commission would be demanded if this exchange was effected, and was informed that it would be required. Later defendant went to Washington, examined the Anderson property, and the tentative agreement was reduced to final form. Under it Anderson conveyed his property, subject to a mortgage of $1,500, which defendant assumed and agreed to pay. As a basis for the exchange, defendant set a price of $39,600 upon the 440 acres which he was to convey, and Anderson agreed to assume and pay a mortgage indebtedness thereon of $13,391.40, and to pay defendant $7,700 in installments represented by three promissory notes. The deed to Anderson

was placed in escrow to be delivered upon payment of the mortgage and the notes. Anderson took possession of the Henry land, and Henry went into possession of the Anderson land.

There is some dispute as to whether plaintiff was instrumental in inducing defendant and Anderson to come to an agreement. Plaintiff testified that, after they returned from examining defendant's land, he discussed the proposed exchange with them, and urged defendant to agree to transfer less than the whole amount of his property.

Counsel for defendant contends that plaintiff did not bring his case within the terms of the agreement, so as to entitle him to compensation.

1. It is contended that the contract contemplated a sale, as [1] distinguished from an agreement to sell, and that plaintiff failed to prove that a sale was made. This may be granted, without affecting the question of the defendant's liability. The contract provides for an exchange, as well as a sale, and it is reasonable to assume that the parties used the terms in the sense in which they are employed in our statutes, and in fact the contract discloses that the terms were so used. A "sale is a contract by which, for a pecuniary consideration, called a price, one transfers to another an interest in property." (Sec. 7581, Rev. Codes 1921.) "Exchange is a contract by which the parties mutually give, or agree to give, one thing for another, neither thing, or both things, being money only." (Sec. 7632, Rev. Codes 1921.)

The word "pecuniary," employed in the definition of sale, means relating to money, consisting of money (Webster's International Dictionary); hence our statutory definition does not differ in substance from the definition approved by the authorities for centuries. (*Van Allen* v. *Francis,* 123 Cal. 474, 56 Pac. 339.) In *Williamson* v. *Berry,* 8 How. 495, 12 L. Ed. 1170 [see, also, Rose's U. S. Notes], the supreme court of the United States said: "Sale is a word of precise legal import both at law and in equity. It means at all times, a contract between parties, to give and to pass rights of property

for money, which the buyer pays or promises to pay to the seller for the things bought and sold."

It is to be noted that in the contract under consideration one price is set upon defendant's land as a basis for exchange and a different price as the basis for a sale. Furthermore, the terms upon which a sale was authorized indicate that the parties employed the term "sale" in its statutory sense to indicate a transfer of defendant's property for money only, so that, while the transaction between defendant and Anderson did not constitute a sale, it did fall clearly within the definition of exchange, and plaintiff was entitled to his commission at the rate fixed by the contract, if he earned it.

2. It is insisted, however, that the evidence fails to show [2] that plaintiff earned the commission; but this contention rests upon an erroneous view of the law rather than upon any misapprehension as to the facts. The rules which determine the right of a real estate broker to compensation are now too well settled to admit of much controversy. If the broker finds and introduces to his principal a person who is ready, able and willing to purchase or exchange upon terms acceptable to the principal, the broker has earned his commission. (*Laux* v. *Hogl,* 45 Mont. 445, 123 Pac. 949.) It is altogether immaterial that the final contract between defendant and Anderson was made without the presence, or even the knowledge, of plaintiff, if it resulted from the means and efforts employed by him (*Armstrong* v. *Wann,* 29 Minn. 126, 12 N. W. 345), or that it provided different terms from those submitted to plaintiff (*Hubachek* v. *Hazzard,* 83 Minn. 437, 86 N. W. 426). In *Shober* v. *Blackford,* 46 Mont. 194, 127 Pac. 329, this court approved the following statement of the rule by Rapalje on Real Estate Brokers: "Where the terms of sale are fixed by the vendor, in accordance with which the broker undertakes to produce a purchaser, yet if, upon the procurement of the broker, a purchaser comes, with whom the vendor negotiates and thereupon voluntarily reduces the price of the property, or the quantity, or otherwise changes the terms of sale, as proposed to the broker, so that a sale is consummated,

or terms or conditions are offered which the proposed buyer is ready and willing to accept, in either such case the broker will be entitled to his commission at the rate specified in his agreement with his principal.''

It may be conceded that plaintiff's agency was not exclusive, [3] and that defendant might have made a sale or exchange of his lands through an independent transaction, and thereby might have escaped liability for commission; but common honesty·forbids him to seek out plaintiff's client, take advantage of his introduction to Anderson by plaintiff, employ plaintiff's office as the place for carrying on the negotiations, profit by the discussion of the terms with plaintiff and by the information furnished by plaintiff concerning the character and value of the Anderson property, reap the benefits from the exchange made in consequence thereof, and then deny liability for the commission which he agreed to pay. (*Plant* v. *Thompson,* 42 Kan. 864, 16 Am. St. Rep. 512, 22 Pac. 726; *Shober* v. *Blackford,* above.)

The findings of the trial court meet with our approval, and the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.