ANDERSON, Appellant, *v.* CRAIG, Respondent.

(No. 8,114.)

(Submitted November 15, 1940.   Decided November 22, 1940.)

[108 Pac. (2d) 205.]

*Mr. M. L. Parcells,* for Appellant, submitted a brief, and argued the cause orally.

184

*Mr. Neil D. Heily,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ARNOLD delivered the opinion of the court.

This appeal followed the judgment of the district court of Stillwater county dismissing a suit by a real estate broker for

commissions claimed to have been earned in the sale of a tract of real estate in that county. The cause was tried by the court sitting without a jury.

The defendant Craig had signed a listing agreement with the plaintiff which provided, among other things, that "if during the term of this contract you find a party ready, able and willing to purchase on above or other price and terms acceptable to me * * * I agree to pay you for your services five per cent of above price."

Within the time limited by the listing agreement, the real estate broker produced a prospective purchaser who made the following proposal:

"Agreement.

"To Arthur C. Anderson,

"Bonded Real Estate Dealer,

"Columbus, Montana.

"I hereby make an offer for the property known as the Geo. W. Craig property, located in sections 20 and 21- twp. 2 S–20 E. Containing 100 acres more or less. $4,500.00 offered as follows:

"200.00 cash and $2,800.00 on or before March 1, 1939.

"I agree to assume a mortgage in the amount of $1,500.00 and paid the interest from Jan. 1, 1939, if offer is accepted.

"I agree to paid the last half of 1938 taxes if offer is accepted.

"If offer is accepted it is understood that I will have immediate possession, for the purpose of improving property.

"I agree to forfeit the down payment if I fail to meet the March 1, 1939, payment.

"I understand that my check will be returned to me or down payment refunded if this offer is rejected.

"CARL WEGNER.

"Witness:

"ARTHUR C. ANDERSON"

The defendant and his wife upon receipt of the proposal signed the following acceptance: "Above offer accepted and receipt of down payment of $200.00 acknowledged this 31st day of December A. D. 1938."

It is the contention of the defendant, which we gather from ██ the brief and oral argument of his counsel, that the offer on the part of the prospective purchaser and acceptance thereof by the seller, constituted only an option by reason of the clause providing a forfeiture of the down payment on condition that the payment of March 1, 1939, was not met. We fail to see how such a clause would convert the agreement into an option. There is no provision in the offer indicating that the forfeiture was to be deemed liquidated damages for breach of the contract or the sole remedy for such breach, or as releasing the purchaser from further liability. There is no language in the contract limiting the defendant's remedy to such forfeiture for a breach. It is clear from the language in the offer and acceptance that the transaction was a sale. An option is the choice, right or privilege of buying or selling. (*Whorley* v. *Patton-Kjose Co., Inc.,* 90 Mont. 461, 5 Pac. (2d) 210.) It is not a sale of property but of a right to purchase. (30 Words and Phrases, Perm. Ed., p. 5.)

The written instruments involved in this cause show an offer to purchase property under certain terms and an unqualified acceptance of that offer, which make a binding contract. A deed had been prepared for the property to the purchaser and left in the hands of the plaintiff broker. The purchaser put his own padlocks on the property in question. While the evidence shows that the defendant kept the down payment of $200 and made no effort to enforce the contract as to its other terms, this does not support his view that the agreement was an option. There is no allegation or proof of any fraud or deceit in the production of the prospective purchaser.

Defendant also contends that the provision in the listing ██ agreement that the plaintiff should find a party ready, able and willing to purchase had not been met. It would seem that by signing the offer, the terms ''readiness'' and ''willingness'' had been met. In such contracts ''ability'' usually means financial ability. The law seems well established in the several jurisdictions that in the absence of fraud or deceit in produc-

ing a purchaser, if the seller actually enters into an agreement of sale with the prospective purchaser, the seller is thereupon foreclosed from questioning his readiness, willingness or ability to purchase. As stated in 12 C. J. S., Brokers, section 85, page 188, " * * * or where the broker acts in good faith, and the principal accepts his customer and enters into a contract with him, in which case the question of the customer's ability, readiness, and willingness is no longer open to question [citing numerous cases]." The seller under such conditions has the right to refuse to enter into such a contract if the terms are not satisfactory or if he doubts the ability of the prospective purchaser to carry out the agreement. Having accepted such an agreement, he is thereupon obligated to pay the broker his commissions as beyond doubt the broker had complied with the terms of his listing agreement and has done all that could be done by such intermediary. (*Apple* v. *Henry,* 66 Mont. 244, 213 Pac. 444.)

It is obvious that the rule of law which we have followed, as announced supra, may in some instances mark a hardship upon a seller of property who sells through a broker—particularly in such instances where the down payment is less than the commission agreed upon. Nevertheless, the seller has it within his power to reject an offer of purchase if he doubts the prospective purchaser's ability. However, once he accepts such purchaser, he thereupon becomes obligated to pay the broker for his services.

The judgment of the district court is reversed with direction to enter judgment for plaintiff as prayed for in the complaint.

Mr. Chief Justice Johnson and Associate Justices Morris, Angstman and Erickson concur.

## On Motion for Rehearing.

(Filed December 20, 1940.)

MR. JUSTICE ARNOLD delivered the opinion of the court.

On petition for rehearing, the respondent goes over the same questions presented at the original hearing. It must be remembered that this is not a suit to reform a contract, by reason of mutual mistake, neither is there allegation nor proof of fraud.

The suit involves a contract of several parts. First the listing agreement, signed by the defendant. Then the proposal to purchase signed by one Wegner, addressed to the broker. Finally the acceptance of the proposal by the defendant. Therefore the defendant is a party to the agreements, both the listing agreement and the selling agreement.

If a contract, plain, simple and unambiguous, can be altered ▮ after dispute arises, by testimony that it was the witness' understanding that the contract meant something different from its plain recitals, then any contract could be similarly altered by parol, and no enforceable agreement could ever be entered into.

The petition for rehearing is denied.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS and ERICKSON concur.

MR. JUSTICE ANGSTMAN, Dissenting:

On motion for rehearing further consideration of this case impels me to the conclusion that the district court was correct and that the judgment should be affirmed. The court found that if Wegner should not pay the $2,800 on or before the first day of March, 1939, "he would forfeit the amount paid for failure to carry out the terms of said offer, but that he would not be obligated to complete the purchase of said property or to further complete the said contract."

If this finding was justified, then the contract gave Wegner the option to either pay the $2,800 on March 1, 1939, and carry out the contract, or to elect not to pay it and to forfeit the down payment and terminate the contract. There is evidence in the record supporting the court's finding above quoted. Wegner testified that Anderson told him at the time the contract was made that "if you can't make it [referring to the payment of $2,800] the first of March you just lose this two hundred dollars."

Wegner and Craig both considered the contract as an option giving Wegner the right to elect whether he would complete the contract of purchase or forfeit the payment of $200 and treat the contract as at an end. It is contended that such evidence is inadmissible as varying the terms of a written contract. The rule of excluding parol evidence offered to vary the terms of a written contract applies only to controversies between parties to the contract or their successors in interest. "It has no application in controversies between a party to the instrument on the one hand and a stranger to it on the other." (22 C. J. 1291 et seq.) And, hence, in a suit for broker's commission the seller may show that the contract even though in form a sale, was merely an option. (*Brown* v. *Wisner,* 51 Wash. 509, 99 Pac. 581.)

It follows that plaintiff did not procure a purchaser ready, able and willing to buy, but only a purchaser who reserved the right not to be a purchaser if he saw fit to so elect. (*Simpson* v. *Eardley,* (Tex. Civ. App.) 137 S. W. 378; *Moss & Raley* v. *Wren,* 102 Tex. 567, 113 S. W. 739, 120 S. W. 847, and see cases cited in note in 43 L. R. A. (n. s.) 91.) The fact that defendant approved the contract is of no consequence if the contract was such as the court found it to be. This question was before the court in *Warnekros* v. *Bowman,* 14 Ariz. 348, 128 Pac. 49, 51, 43 L. R. A. (n. s.) 91, where the court said: "It is argued by appellee that Warnekros waived the requirement that an actual sale be made by Bowman before earning his commission when he accepted and entered into the optional agreement, procured by appellee, with C. H. Young. We are

unable, however, to see wherein the mere act of entering into and accepting the optional contract of purchase by Warnekros of itself can be construed as a waiver by him of the requirement that Bowman make the sale, or secure a binding contract of sale, before earning his commission. It is a matter of common knowledge that sales of mining stock and mining property are frequently effected through options. If a real estate owner employs a broker to negotiate a sale of and find a purchaser for his property for which he agrees to give the broker a reasonable commission, and afterwards gives an option for the sale of his property to a person produced by the broker, he does not thereby waive the requirement that a sale must be effected before he is entitled to his commission. By granting the option the owner is merely helping to bring about the sale which he employed the broker to make. It is a step in that direction. It is not the end, but rather the means to an end. And such action on the part of the owner does not imply that he has made a new contract with the broker by which he agrees to pay for something different from the services he originally contracted for, but merely indicates a channel through which he is willing to go in order that the object aimed at from the beginning by both him and the broker might be accomplished. To hold that the mere acceptance of the option is a waiver of the requirement that an actual sale be made before the commission is earned would be against the decided weight of authority.''

There being competent evidence supporting the court's judgment, I think it should be affirmed.