Middleton, J.
The taxes here in question were levied pursuant to Section 5638-1, General Code (Section 5707.03, Revised Code), which provides for taxing intangible property and which specifies that “investments” shall be taxed at five per cent of the income yield. The specific question at issue is whether a lease of personal property is an “investment” within the definition contained in Section 5323, General Code (Section 5701.06, Revised Code), and, therefore, taxable as intangible property.
Section 5323, General Code (Section 5701.06, Revised Code), upon which the Board of Tax Appeals relied, reads in part:
“The term ‘investments’ as used in this title, in-, eludes the following:
“Shares of stock in corporations, associations and joint stock companies, under whatever laws organized or existing, excepting # * *
*76 “Interest bearing obligations for the payment of money, such as bonds, certificates of indebtedness, debentures and notes; certificates of deposit, * * *
“Annuities, royalties and other contractual obligations for the periodical payment of money and all contractual and other incorporeal rights of a pecuniary nature whatsoever from which income is or may he derived, however evidenced, excepting * * (Emphasis supplied.)
Briefly stated the exceptions last above mentioned are interests in land, contracts of employment or partnership and salaries, wages, commissions, contracts of insurance, stock purchase plans, pensions and profit-sharing plans.
The Board of Tax Appeals also cited and stressed the definition of “income yield” contained in Section 5389, General Code (Sections 5701.10 and 5711.18, Revised Code). It provides in part:
“ ‘Income yield’ as used in Section 5388 of the General Code [which provides how it shall be listed] and elsewhere in this title means the aggregate amount paid as income by the obligor, trustee or other source of payment to the owner or owners, or holder or holders of an investment, whether including the taxpayer or not, during such year, and includes the following :
“In the case of an obligation bearing interest, the amount of interest separately charged and paid during such year, if any, exclusive of payments on the principal; in the case of shares of stock, the dividends so paid or distributed, * * * in the case of annuities or other obligations for periodical installment payments including both principal and interest, not separately charged and paid, four per centum of half the principal used to purchase the same * * (Emphasis supplied.)
It is manifest that the definition of “income yield” lends little or no assistance for the reason that it is de *77 fined as that which is received by the owner or holder of an investment. This leaves for answer the question, ‘ ‘ what is an investment ? ” Is a lease of personal property, which provides for annual payment of a sum or sums of money to the lessor, an investment within the definition contained in Section 5323, General Code? If it is not such an investment it is not taxable as intangible property.
In construing Section 5323, General Code, it is to be observed that the items of property enumerated as investments are shares of stock in corporations, associations and joint stock companies and “interest bearing obligations for the payment of monéy, such as bonds, certificates of indebtedness, debentures and notes; certificates of deposit, * * * and other similar evidences of indebtedness. ’ ’
The enumerated items are clearly property, of an intangible nature, in which money is invested and from which a return in money is received. Under the familiar rule of ejusdem generis the words, “and other similar evidences of indebtedness, ’ ’ must be construed as including only items of intangible property of the same class, kind or nature.
A lease of one’s own personal property to another for a stipulated rental is not of the same class, kind or nature as any of the enumerated items of intangible property. The lessor does not part with money. He does not transfer title. He continues to own his property and pay property taxes thereon. A lease of personal property is not an “evidence of indebtedness” similar to those enumerated above.
Section 5323, General Code, then includes in the definition, “annuities, royalties and other contractual obligations for the periodical payment of money and all contractual and other incorporeal rights of a pecuniary nature whatsoever from which income is or may be derived * *
It is significant that immediately after this clause *78 the statute specifically excludes obligations with respect to interests in land, rents and royalties derived therefrom, contracts of employment or partnership, wages, commissions and contracts of insurance.
It is urged by the electric company that a lease of personal property from which a return in money is received is not a contractual obligation of a pecuniary nature within the spirit and intent of the provisions of Section 5323.
With this contention of the electric company we agree.
It does not appear that either the Tax Commissioner or the Board of Tax Appeals seriously considered the meaning and effect of the words, “of a pecuniary nature. ’ ’ These words have meaning and we must assume that they were inserted for a purpose. They describe the particular kind of contractual obligation or contractual right which is to be classified as an investment and they take on added significance when read in the context of the entire statute. It can not be soundly argued that every contract from which income is or may be derived or which produces a financial return is “of a pecuniary nature” and, therefore, taxable. If such had been the intent of the General Assembly the use of any such limiting phrase as “of a pecuniary nature, ’ ’ would have been entirely unnecessary.
As commonly used the word, “pecuniary,” relates to money. The definition of the word given in Webster’s New International Dictionary (2 Ed.) is, “consisting of money; exacted or given in money; * * * relating or pertaining to money; monetary.” The Oxford English Dictionary gives similar definitions and adds, ‘ ‘ having regard to money; of which money is the object.” The New Century Dictionary includes, “of or pertaining to money (as, pecuniary affairs or losses); consisting of or given or exacted in money (as, a pecuniary compensation). ’ ’ The definition given *79 in Bonvier’s Law Dictionary is, “that which relates to money.”
Snch courts as have been called upon to construe the word, “pecuniary,” have uniformly recognized a meaning consistent with the foregoing dictionary definitions. See Karr, Admr., v. Sixt, 146 Ohio St., 527, 67 N. E. (2d), 331; Apple v. Henry, 66 Mont., 244, 213 P., 444; McNamara v. State, 203 Ind., 596, 181 N. E., 512; Drury v. Franke, 247 Ky., 758, 57 S. W. (2d), 969, 88 A. L. R., 917.
Neither the electric company nor the Tax Commissioner has cited court decisions on the main issue of this case.- Such dearth of precedent indicates that taxing authorities have not previously undertaken to tax leases of personal property as intangible property. It is conceded in the present proceeding that the Tax Commissioner of Ohio has not previously undertaken to assess such tax. The administrative practice, so far apparently followed in Ohio, of not considering such leases as taxable intangible property seems to conform to the universal practice in business and accounting. A decision upholding the ruling of the Tax Commissioner and the Board of Tax Appeals in the present instance would be revolutionary. Innumerable daily business transactions would be affected. It is impossible to estimate the added burden which would be placed upon business or the amount of clerical work which would be thrust upon those charged with tax collection.
We experience no difficulty in reaching the conclusion that a lease of personal property is not a contract of a pecuniary nature as those words are used in Section 5323.
The decision of the Board of Tax Appeals is reversed.

Decision reversed.

Weyganbt, C. J., Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.